· Harold J. Powell and another v. James C. Wilson.

The law which requires the Coroner, where there is no Sheriff or the Sheriff is disqualified, to perform certain duties ordinarily attached to the office of Sheriff, is not inconsistent with the provision of the Constitution, which declares that no person shall hold or exercise, at the same time, more than one civil office of emolument, except that of Justice of the Peace.

Appeal from Matagorda. The only question in this case was on a challenge to the array, on the ground that the jury was summoned by the Coroner, there being no Sheriff. The suit was on promissory notes. The objection being overruled, verdict and judgment went for the plaintiff, and defendants appealed.

*G. Quinan*, for appellee.

Wheeler, J. The Constitution (Art. VI. Sec. 26) declares, that, "No person shall hold or exercise at the same time, more "than one civil office of emolument, except that of Justice of "the Peace." It is clear, therefore, that two civil offices of emolument cannot be united in the same person; unless one of them be that of Justice of the Peace, which is specially ex-

cepted. But does it follow that the same, or at least, some of the same duties may not be attached to two offices, to be exercised by the incumbents concurrently ? or that the duties of an office may not be to act as substitute for another ? We think not. There are instances in which the same duty is attached to different offices, to be exercised by the incumbents concurrently. Thus : to several offices is attached the duty of being Conservators of the Peace : so also, Chief Justices, Judges of the District Courts, Clerks and Notaries Public are authorized to take the acknowledgment of deeds. These are all civil offices of emolument, either created or recognized by the Constitution. Yet there can be no objection to the incumbents having the same duty attached to their respective offices. It does not constitute them incumbents of more offices than one ; or subject them to the charge of holding or exercising two or more offices at the same time. Other instances might be given ; but these will suffice.

Again, it cannot be doubted, that it is competent for the Legislature to create an office, which shall be that of a substitute, or mere auxiliary to another ; the duties of which shall commence, and consist in performing the duties of the principal office, when the incumbent of that office is incapacitated to act. In such a case, the substitute would not be holding and exercising two offices, when performing the duties of the principal office. He would be simply exercising his own office : for when called into exercise, its duties are the duties of his office. Such is the office of Coroner, as respects the ministerial duties of that office. A Coroner is an officer of great antiquity at the common law ; whose powers and duties, like those of the Sheriff, were both judicial and ministerial. By virtue of his office, like the Sheriff, he was a Conservator of the Peace : and he has always had other duties attached to his office, which do not pertain to that of Sheriff. But his ministerial office is, and always has been, both in England and the United States, to act as the Sheriff's substitute, in the exe-

Powell  v.  Wilson.

cution of process, when the latter cannot act.  (Burrill, L. D. tit. CORONER ; 1 Bl. Com. 346—350.)  The Constitution recognizes these ancient, well known officers of the law, without prescribing their duties ; simply declaring, "There shall be "appointed for each county a convenient number of Justices "of the Peace, one Sheriff, one Coroner, and a sufficient num- "ber of Constables, who shall hold their offices for two years," &c.  It did not even declare that the duties of the respective offices of Sheriff and Coroner should be hereafter prescribed by law ; but left them to be ascertained and enforced by existing laws, or to be regulated in such manner as to the Legislature might seem proper.  In thus recognizing these officers and simply requiring their appointment, upon the most obvious principles of construction, the framers of the Constitution must be understood as referring to, and intending to recognize them as therebefore known to the law.  Had they intended any material change in their functions, they would doubtless have proceeded to prescribe what they should in future be.  They would, at least, in some manner, have indicated such intention.  As respects the ministerial duties of the Coroner, the Act of the Legislature is but declaratory of the common law, as it existed at the adoption of the Constitution, and as it has ever existed in England and the United States. And, as the office is thus recognized by the Constitution, it is free from doubt, that it was not intended essentially to change its nature and functions.  The duties required by the statute of the Coroner, are duties which appertained to his office originally, as the Sheriff's substitute.  In their performance, he is exercising the office of Coroner, not of Sheriff.  His is the office of a substitute for the Sheriff ; and when the contingency happens, which calls the functions of his office into exercise, he does not, properly speaking, exercise the office of Sheriff ; he simply exercises the functions of his own office of a substitute.  The principal acts in a primary, the substitute in a secondary or subordinate capacity.  The one is principal,

the other a substitute ; and a principal and substitute are not the same thing, person, or office. The contingency having happened which called into exercise the powers of the substitute, it was proper for him to perform the duties of his office. He did so in summoning a jury. Neither the law which conferred, nor his performance of them was any infraction of the letter or spirit of the Constitution. The Court, therefore, did not err in overruling, or disallowing the challenge to the array of jurors ; and the judgment is affirmed.

Judgment affirmed.