### I. G. Gaal v. J. E. Townsend et al.

#### No. 7309.

1. **Mandamus — Parties.** — It is a general rule that when the performance of a duty is sought to be compelled by the writ of mandamus all persons charged with the performance of that duty must be made parties defendant in the writ.

2. **Same—Case in Judgment.**—A county commissioner was elected and qualified as mayor of a town in the county. The county judge thinking the office of commissioner vacated by the act of qualifying as mayor, appointed a successor. Mandamus was brought against the county judge and his appointee. *Held*, that the other county commissioners were necessary parties.

3. **Inconsistent Offices.**—Section 40, article 16, of the Constitution provides: "No person shall hold or exercise at the same time more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public, and postmaster, unless otherwise specially provided." This does not prohibit one holding any one of the offices named from exercising any other office.

Appeal from El Paso. Tried below before Hon. T. A. Falvey.

The opinion contains a statement.

*Brack & Neil* and *Merchant, Teel & Wilcox*, for appellant.—1. The county judge alone is authorized to fill vacancies among the commissioners, and having abused his power, he and the incumbent were the only parties required. It is sufficient if all parties are sued who are commanded to do the act required and who can do it. Rev. Stats., art. 1513; People v. Throop, 12 Wend., 183; People v. Com. Council, 3 Keyes, 81.

For illustration, consult and compare Metsker v. Neally, 21 Pac. Rep., 206, with Milliken v. City Council, 54 Texas, 388.

2. Article 16, section 40, of the present Constitution prohibiting the holding of more than one civil office, except that of justice of the peace, county commissioner, notary public, and postmaster, did not mean that a person could hold any two or more of those offices only, but the ex-

cepted offices are eliminated from the rule, and the holding of any one of those is no barrier to the holding of any other not embraced in the excepted list. Powell v. Wilson, 16 Texas, 59; Const. 1869, art. 3, sec. 30; Const. 1876, art. 16, sec. 40.

No brief on file for appellees.

GAINES, ASSOCIATE JUSTICE.—At the general election held in November, 1888, the appellant was elected one of the commissioners of El Paso County, and having duly qualified as such entered upon the duties of the office. In April, 1889, he also accepted the office of mayor of the town of Ysleta. Appellee Townsend was at the time the county judge of the county, and treating appellant's office of commissioner as having been vacated by the acceptance of the office of mayor of Ysleta, proceeded to appoint his coappellee Schutz to fill the vacancy. Schutz was thereupon inducted into the office. This action was brought by appellant against appellees in order to procure a writ of mandamus to compel Townsend as county judge to permit the appellant to perform his duties as county commissioner of El Paso County. The petition among other things alleged the facts above stated, but did not make the other members of the Commissioners Court parties to the suit. There was a demurrer to the petition for the want of proper parties, which the court sustained. All other demurrers were overruled. The plaintiff having declined to amend, his suit was dismissed.

We are of opinion that the court did not err in its ruling. We think it is a general rule that when the performance of a duty is sought to be compelled by the writ of mandamus, all persons charged with the performance of that duty must be made parties defendant in the writ. The duty here sought to be enforced is to permit the appellant to sit and act as a member of the Commissioners Court. It is one which is incumbent upon every member of that court, and can be exercised only through the will of a majority of their body. How, then, can the performance of this duty be compelled by a suit against one alone? The other members of the court not being parties to the writ, could not be affected by any judgment that might be rendered, and could not be held in contempt for refusing to admit the plaintiff to act as a member, although this court should in this suit declare him entitled to the office and command the defendant Townsend to admit him as such. It is clear that a mandamus should not issue to compel the county judge to do an act which could only be performed with the consent of others. The mere fact that the act of the county judge in treating appellant's office as vacant and in appointing his successor may have led to the action of the Commissioners Court in excluding appellant from the duties of his office can make no difference. In a proceeding by mandamus to compel a body of persons to perform an act,

all whose duty and privilege it may be to participate in the performance of that act must be made parties defendant.

In Lyon v. Rice, 41 Connecticut, 245, it was the duty of three selectmen of the town to call a town meeting upon an application of twenty freeholders. A proper application was presented, and two of the selectmen refused to join the third in calling the meeting. In an application for a mandamus it was held that the selectman who was willing to call the meeting was a necessary party.

In view of the fact that the disposition of the case in the court below and in this court does not preclude the appellant from bringing another suit, we deem it proper to express an opinion upon another question discussed in the brief. Whether appellant vacated his office or not by accepting the office of mayor of Ysleta depends upon the proper construction of section 40 of article 16 of the present Constitution. That section is as follows: "No person shall hold or exercise at the same time more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public, and postmaster, unless otherwise specially provided." Does this mean that an incumbent can hold either of the offices named and at the same time any other office, or that he can only hold two offices when both are among those specially designated? We think the former is the proper construction. The language is copied mainly from section 26 of article 7 of the Constitutions of 1845, of 1861, and of 1866, which is the same in each of those instruments, and reads as follows: "No person shall hold or exercise at the same time more than one civil office of emolument, except that of justice of the peace." It is clear that under this section any justice of the peace might hold another office. Powell v. Wilson, 16 Texas, 59.

The office of justice of the peace was made an exception to the general rule, and the inference from the use of the same language in the present Constitution, with the mere addition of other offices, is strong that it was not meant in any manner to change the general rule, but merely to make additional exceptions. The other construction would materially modify the general effect of the provision. It would prevent even a justice of the peace from holding any other office except one of those specially named, and would be a radical departure from the provisions of all previous Constitutions on the same subject. Const. of 1869, art. 3, sec. 30. If the language of the provision in question had been "except *those* of justice of the peace," etc., there may have been more doubt about the construction. But the words are "except that," etc., and they indicate that it was intended that a person might lawfully hold any office and in addition thereto either of the offices enumerated. The use of the word "those" would have suggested the construction that an incumbent could only lawfully hold two offices at the same time when both were offices specially named in the section. If the allegations of the petition are true we are clearly

of the opinion that the appellant did not vacate his office of county commissioner by accepting that of mayor.    Such we understand to have been the ruling of the court below.

But because the appellant did not make all the members of the Commissioners Court parties to his suit, the judgment is affirmed.

*Affirmed.*

Delivered May 27, 1890.