

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald Mann
Attorney General

Hon. E. P. Jennings, County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. 0-2055
Re: May a justice of the peace qualify and
serve as the recorder or judge of the
corporation court and still hold his of-
fice as justice of the peace.

We are in receipt of your letter of recent date
in which you request the opinion of this department,
touching the question of whether a justice of the
peace may qualify and serve as the recorder or judge
of a corporation court and still hold the office of
justice of the peace; if not, whether a justice of the
peace, who qualifies as recorder or judge of the cor-
poration court, thereby resigns from the office of
justice of the peace.

The term "Recorder" and "Judge", as applied
to the corporation court, are, of course, one and the
same. Article 1196, Revised Civil Statues of Texas.

That a person who is justice of the peace may
also qualify and serve as the recorder of the corpora-
tion court, under Article 16, Section 40 of the Consti-
tution, has been clearly resolved by the courts of
Texas.

The Supreme Court through Mr. Justice Gaines,
in the case of GAAL v. TOWNSEND, 77 Tex. 464. 14 S.W.
365, has siad:

"* * *depends upon the proper construction
of Section 40 of Article 16 of the present
Constitution. That section is as follows:
'No person shall hold or exercise at the same

time more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public and postmaster, unless otherwise specially provided.' Does this mean that an incumbent can hold either of the offices named, and at the same time any other office, or that he can only hold two offices when both are amoung those specially designated. We think the former is the proper construction * * * It is clear that under this statute any justice of the peace might hold another office. Howell vs. Wilson, 16 Tex. 59".

The Court of Criminal Appeals in the case of LUERA vs. STATE, 63 S.W. (2d) 699, likewise holds:

"The appellant moved to quash the search warrant, and amoung other grounds set up was that the justice of the peace who purported to swear the affiants to the affidavits for search warrants was not a qualified and acting legal justice of the peace nor de facto justice of the peace of Dallum County, because at the time of the filing of the affidavit and the issuing of the search warrant said justice of the peace had qualified and was also acting as recorder of the corporation court of the city of Dalhart. The record shows that the justice of the peace had been elected or appointed justice of the peace of Dalhart and had also been appointed as recorder of the corporation court of the town of Dalhart and was serving in both capacities at the time the affidavit was made. Article 16, s 40, of the Constitution, provides that 'no person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public and postmaster,' etc. It will therefor be seen that under the Constitution there is nothing prohibiting the justice of the peace from holding or exercising more than one civil office of emolument."

Hon. E. P. Jennings, County Auditor, page 3

In addition to the constitutional prohibition against the holding of two civil offices of emolument our courts have also, of course, involked the common law rule that two offices which are incompatible may not be held by the same person. No case in Texas however, has invoked this rule pertaining to the two offices of justice of the peace and recorder of the corporation court, or for that matter, as to either of the offices excepted in Article 16, Section 40 of the Constitution, and any other office.

We note, nevertheless, that under date of March 14, 1913 and October 3, 1913, this department held in letter opinions by Mr. C. W. Taylor, Assistant Attorney General, that the offices of justice of the peace and judge of the corporation court may not be held by one person on the ground that the offices are incompatible, notwithstanding the office of justice of the peace is relieved by Article 16, Section 40 of the Constitution from the rule inhibiting the holding of two civil offices of emolument.

It is, however, our opinion that the force of the decision in the Luera case, supra. decided, of course, since the 1913 opinions by this department, it necessarily that the holding of the offices of justice of the peace and recorder of the corporation court by one person is not inhibited by the rule of incompatibility.

Moreover, we believe, independently of these cases, that the offices of justice of the peace and recorder of the corporation court are not incompatible. The only concievable basis for holding the offices incompatible would arise out of the fact that, in the language of Article 1195, Revised Civil Statutes, the corpotation court "shall also have concurrent jurisdiction with any justice of the peace in any precinct in which said city, town or village is situated in all criminal cases arising under the criminal laws of this state, in which punishment is by fine only, and where the maximum of such fine may not exceed $200.00, and arising within such territorial limit". This is itself, in our opinion, does not render the offices incompatible. Neither office is accountable to, under the

Hon. E. P. Jennings, County Auditor, page 4

dominion of, or subordinate to the other; neither has any right or power to interfere with the other in the performance of any duty. An appeal from either court has *no relation to the other, but is independently to* other courts.

Accordingly, you are respectfully advised that it is the opinion of the department that a person who holds the office of justice of the peace may also qualify and serve as the recorder, or judge, of a corporation court. Such answer renders unnecessary a discussion of your second question.

The former opinions of this department to the contrary are, of course, overrulled.

Trusting that we have adequately answered your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY: /s/ Zollie C. Steakley

Zollie C. Steakley, Assistant

ZCS:ob


APPROVED APR 1, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
Opinion
Committee

BY: BWB
Chairman