

# THE ATTORNEY GENERAL.
## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS
~~JOHN BEN SHEPPERD~~
~~ATTORNEY GENERAL~~

Mr. V. C. Marshall, Administrator
State Soil Conservation Board
6th Floor Professional Building
Temple, Texas

Dear Sir:

Opinion No. O-3395
Re: Right of State or county
officer paid on salary basis
to serve as supervisor in a
soil conservation district
and receive pay for such
services.

Your letter of April 8, 1941, requests the opinion
of this department upon the following question:

Would an officer of the State or of a county, who
is drawing a salary from the State or from the county on a
monthly basis, be eligible to receive pay under the provi-
sions of the State Soil Conservation Law for services ren-
dered as a supervisor in a soil conservation district?

Article XVI, Section 40, of the State Constitution,
as amended November 8, 1932, reads as follows:

"No person shall hold or exercise, at the
same time, more than one Civil Office of emolu-
ment, except that of Justice of Peace, County
Commissioner, Notary Public and Postmaster, Of-
ficer of the National Guard, the National Guard
Reserve, and the Officers Reserve Corps of the
United States and enlisted men of the National
Guard, the National Guard Reserve, and the Organ-
ized Reserves of the United States, and retired
officers of the United States Army, Navy, and
Marine Corps, and retired warrant officers, and
retired enlisted men of the United States Army,
Navy, and Marine Corps, unless otherwise specially
provided herein. Provided, that nothing in this
Constitution shall be construed to prohibit an
officer or enlisted man of the National Guard,
and the National Guard Reserve, or an officer
in the Officers Reserve Corps of the United

States, or an enlisted man in the Organized Reserves of the United States; or retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, from holding in conjuntion with such office any other office or position of honor, trust or profit, under this State or the United States, or from voting at any Election; General, Special or Primary, in this State when otherwise qualified."

Under this Article of the Constitution, any of the offices named in the exceptions may be held in conjunction with any other office, whether such other office is named in the exceptions or not. Gaal v. Townsend, 77 Tex. 464, 14 S. W. 365. If neither of the two offices of emolument are within the exceptions expressed in Article XVI, Section 40, the two offices may not be held simultaneously by one person. Odem v. Sinton Independent School District (Com. App.), 234 S. W. 1090; Pruitt v. Glen Rose Independent School District No. 1, 126 Tex. 45, 84 S. W. (2d) 1004; Torno v. Hochstetler (Civ. App.), 221 S. W. 623; Eastland County v. Hazel, (Civ. App.), 288 S. W. 518. Where the two offices cannot be held by the same person, acceptance and qualification for the second office operates ipso facto as a resignation of the former office. Pruitt v. Glen Rose Independent School District No. 1, supra.

Under Article XVI, Section 40, of the Constitution, if a supervisor in the soil conservation district holds "office of emolument", such person cannot at the same time hold or exercise a State or county office of emolument unless the other State or county office of emolument is one which is named in the exception provided to Article XVI, Section 40, of the Constitution. Since, under such circumstances, the same person could not hold or exercise both offices, it necessarily follows that he could not receive the compensation attaching to both. To determine the applicability of Article XVI, Section 40, to your questions, therefore, it becomes necessary to consider whether a supervisor in a soil conservation district holds an "office of emolument".

The criteria for determining whether a public employment is a public office of a civil nature are well stated in the case of the State of Montana, ex rel. Julius Barney v. R. N. Hawkins, Secretary of State, 257 Pac. 411, 53 A. L. R. 583:

"After an exhaustive examination of the authorities we hold that five elements are indispensible in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) It must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) The powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) The duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior officer or body; (5) It must have some permanency and continuity, and not be only temporary or occasional."

See also the authorities cited in our opinions Nos. O-518; and O-490, copies of each of which are enclosed herewith.

An examination of the provisions of the Soil Conservation Act, (Arts 1939, 46th Legislature, page 7) and particularly Sections 5, 6, 7, 8 and 9, of that Act, convinces us that the supervisors of a soil conservation district hold civil offices of emolument. By the Act, such districts are constituted governmental subdivisions of this State and public bodies corporate and politic; governing body of the district is made to consist of five supervisors; a method by which such supervisors are selected is described in detail; the term of office of each supervisor is prescribed by the Act and the Act provides that each supervisor shall hold his office until his successor has been elected and has qualified; the Act provides that each supervisor may receive compensation for service on a per diem basis and the necessary expenses incurred for services other than those performed within the district; the supervisors are given authority to employ such officers, agents and employees,

permanent and temporary, as they may require, and to determine their qualifications, duties, and compensation and to delegate to such agents or employees as they may employ and select, such powers and duties as they may deem proper; and the powers and duties public in character, to be exercised by the supervisors as the governing body of the district, are specifically provided in great detail by the Act. It thus appears that each of the criteria essential to the existence of a public office as set forth in the Montana case above referred to, exists with respect to the supervisors of the soil conservation districts.

Since we have determined that the supervisor of a soil conservation district holds a public office, within the meaning of Article XVI, Section 40, and since it is manifest that such office is civil rather than military in character, the only question remaining to be decided to determine the applicability of Article XVI, Section 40, to such office, is whether such civil office is one of emolument.

The term "emolument" means a pecuniary profit, gain or advantage. 34 Texas Jurisprudence, page 349. The supervisors of the soil conservation districts are entitled, under the provision of the State Soil Conservation Act, to receive compensation "for service not to exceed Four Dollars ($4.00) for each day he shall be in actual attendance upon the duties of the office within the district, not to exceed twenty (20) days in any one calendar year, and not to exceed Four Dollars ($4.00) a day and the necessary expenses incurred for services other than within the district, except by approval of the State Board." It is our opinion that the compensation or remuneration provided by law for supervisors is clearly a pecuniary profit, gain or advantage, and that such civil office is therefore an office of emolument, within the meaning of Article XVI, Section 40, of our Constitution.

We trust that the foregoing will answer your question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

/s/ R. W. Fairchild

By

R. W. Fairchild
Assistant

APPROVED APR. 23, 1941

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
By B.W.B.
Chairman

RWF:LM:ELB