

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN  
~~JOHN BEN SHEPPERD~~  
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable K. H. Dally  
County Attorney  
Hutchinson County  
Borger, Texas

Opinion No. O-4957  
Re: County Commissioner may also serve as bus driver for a common school district.

Dear Sir:

Your request for opinion as to whether a county commissioner would vacate his office by serving as a bus driver for a school district not an independent one has been received and carefully considered by this department. We have been informed by the State Department of Education that your county has no rural high school districts and we assume that you are referring to a common school district of the county.

Article 16, Section 40, of our State Constitution, reads, in part, as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public and . . . ."

In the case of Gaal v. Townsend, 14 S.W. 365, cited by you in your letter, Judge Gaines seems to lay down the original interpretation of the above quoted constitutional provision and used the following language:

"Any of the offices named in the exception may be held with any other office, whether named in the exception or not."

In spite of the express exemption enumerated in the above constitutional provision, and in spite of Judge Gaines' original interpretation of the provision in the case

of Gaal v. Townsend, supra, the courts of Texas have imposed an additional requirement to permit a person to hold two offices, i.e., that the two offices must not be incompatible. See the following authorities:

> Biencourt v. Parker, 27 Tex. 558;
> State v. Brinkerhoff, 66 Tex. 45;
> Thomas v. Abernathy County Line Independent
> School District, 290 S.W. 152;
> State v. Martin, 51 S.W. (2d) 815.

We think the case of Luera v. State, 63 S.W. (2d) 699, mentioned in your letter, when properly analyzed, can be harmonized with the above cited cases inasmuch as the question of incompatibility was neither raised, involved nor considered in the Luera case. We enclose herewith a copy of Opinion No. O-998 of this department (mentioned in your letter). We think this opinion is correct and hereby re-affirm same.

Article 2687a, Vernon's Annotated Texas Civil Statutes, reads as follows:

> "The trustees of any school district, common
> or independent, making provision for the transport-
> ation of pupils to and from school, shall for such
> purpose employ or contract with a responsible per-
> son or firm. No person shall be employed to trans-
> port pupils, who is not at least twenty-one years
> of age and a competent driver of motor vehicles
> and sound in body and mind. All motor vehicles op-
> erated by school districts, directly or by con-
> tract, in the transportation of pupils shall be
> covered and so glassed or curtained at the sides
> and rear as to protect the pupils from the incle-
> mencies of the weather, and shall at all times be
> equipped with efficient lights and brakes. The
> drivers of all school transportation vehicles shall
> be required to give bond for such amount as the
> Board of Trustees of the district may prescribe,
> not less than $2,000.00, payable to the district,
> and conditioned upon the faithful and careful dis-
> charge of their duties for the protection of the
> pupils under their charge and faithful performance
> of the contract with School Board; and they shall,
> before crossing any railroad or interurban railway
> tracks, bring their vehicles to a dead stop. Fail-
> ure to stop before crossing such railway as provided

herein shall forfeit the driver's contract and, in case of accident to pupils or vehicles the bond shall be forfeited and the amount and all right thereunder shall be determined by a court of competent jurisdiction. Acts 1929, 41st Leg., 1st C.S., p. 96, ch. 42, §1."

A public office is something different from a public contract. 34 Tex. Jur., p. 324. A bus driver for a common school district is clearly not a public officer. We have carefully examined the statutes and are unable to perceive any incompatibility between the office of county commissioner and the employment of a bus driver for a common school district.

It is therefore our opinion that a county commissioner would not vacate his office as commissioner by serving as a bus driver for a common school district.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  /s/ Wm. J. Fanning

Wm. J. Fanning
Assistant

WFJ:mp:zt
Encl.

APPROVED NOV 13, 1942

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Approved
Opinion
Committee

By B.W.B
Chairman