

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 27, 1972

Honorable John F. Onion, Jr.          Opinion No. M-1225
Presiding Judge
Court of Criminal Appeals              Re:  Construction of and validity
Box 12308, Capitol Station                  of Article 1811e, Vernon's
Austin, Texas  78711                         Civil Statutes.

Dear Judge Onion:

Your request for an opinion reads in part as follows:

"In my administrative capacity as Presiding
Judge of the Court of Criminal Appeals, I would
like to submit to you the following question and
request your opinion so that the State Comptroller's
office will have some guidance in the matter in-
volved.

"1.  May an active appellate or district
judge be designated and appointed under the pro-
visions of Article 1811e, V.A.C.S., (As amended
Acts 1971, 62nd Leg. R.S., p. 1646, Ch. 462;
Acts 1971, 62nd Leg., 1st C.S., p. 14, Ch. 2)
to sit as a Commissioner of the Court of Criminal
Appeals for a designated period of time or for a
particular case or cases and be compensated with-
out violating Article 16, Secs. 12, 33 and 40,
Texas Constitution or any other constitutional
or statutory provision of the law?"

Senate Bill 529, Acts 62nd Leg., R.S. 1971, Ch. 462,
p. 1646 (Article 1811e, Vernon's Civil Statutes), provides in
part:

"Section 1. (a) The presiding judge of the
Court of Criminal Appeals may, with the concurrence
of a majority of the judges of the Court of Criminal
Appeals, designate and appoint a retired appellate
judge or district judge who has consented to be
subject to appointment, or an active appellate
judge or district judge, to sit as a commissioner

-6004-

of the Court of Criminal Appeals, with the desig-
nated judge's consent.  The presiding judge of
the Court of Criminal Appeals may designate and
appoint as many commissioners as he deems necessary
to aid and assist the court in disposing of the
business before it."

It is well settled that the Legislature is authorized
to place added duties on members of the Judiciary without creating
an office in violation of Sections 12, 33 and 40 of Article XVI
of the Constitution of Texas.  Eucaline Medicine Co. v. Standard
Inv. Co., 25 S.W.2d 259, 261 (Tex.Civ.App. 1930, error ref.);
Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080 (1933); Jordan
v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (Tex.Sup. 1950);
Attorney General's Opinion M-305 (1968).  It was held in Jones v.
Alexander, supra:

".  .  .  Under a provision of the Constitution
then existing, substantially identical with that
provision we now have under consideration, the
Supreme Court in the case of Powell v. Wilson,
16 Tex. 59, said:  'But does it follow that the
same, or at least some of the same duties may not
be attached to two offices, to be exercised by
the incumbents concurrently? or that the duties
of an office may not be to act as substitute for
another?  We think not.  * * *  It does not consti-
tute them incumbents of more offices than one;
or subject them to the charge of holding or exer-
cising two or more offices at the same time.'  See
also, Kirk v. Murphy, 16 Tex. 654, 67 Am.Dec. 640;
Gaal v. Townsend, 77 Tex. 464, 14 S.W. 365.

"Unless the duties placed upon the district
judges by virtue of this act create more offices than
one, or subject them to the rule that they cannot
hold two or more offices at the same time, or that
the additional duties imposed are incompatible with
their other duties conferred upon them by law, then
the act cannot be condemned.  The duties assigned
by this act partake of the same general character-
istics of other duties imposed by law.  The duties
assigned are made coterminous, in that the district
judge ceases to sit as a member of the juvenile
board when his term of office expires."

In Werlein v. Calvert, 460 S.W.2d 398, 401 (Tex.Sup.
1970), it was held:

">. . . A retired judge assigned to active
duty is authorized to exercise the powers of
an office while serving on assignment.  He does
not by virtue of the assignment, however, hold
an office that could possibly 'become vacant'
upon termination of his powers either by death
or operation of law.  See Pickens v. Johnson,
42 Cal.2d 399, 267 P.2d 801."  (Emphasis added.)

In construing the provisions of Article 1811a and
Article 1811c, V.C.S., the Court of Criminal Appeals held in
Ex Parte Sparks, 277 S.W.2d 916 (Tex.Crim. 1955) that:

"In no event does the commissioner have a
voice in the approval or rejection of his opinion;
he acts only in an advisory capacity, as an aid
to the court.  He performs no judicial function
in so far as a decision of the case is concerned.

". . .

"The conclusion is reached that Commissioner
Dice, in the preparation of the opinion in this
case, did not perform a judicial function."

Since the Commissioner does not perform a judicial
function, it is our opinion that no incompatibility exists
between the constitutional duties of the appointee and the
duties that may be imposed upon him pursuant to the provisions
of Article 1811e, V.C.S.

In construing the provisions of Article 200a, Vernon's
Civil Statutes, it was held in Attorney General's Opinion M-305,
supra:

"If the foregoing amendment to Section 2 of
Article 200a has the effect of now creating an
'office' as distinguished from constituting 'super-
added duties that the legislature was authorized
to require district judges to perform', Section
40 of Article XVI of the Constitution of Texas would
prohibit a district judge from holding the ad-
ditional office.  We do not believe the legislature
had any such intention.  Likewise, Section 30 of
Article XVI would limit the term of office to two
years only, contrary to the four year term provided
by the legislature.  It is our opinion, however,

that since the legislature did not change by the amendatory language the duties of the presiding judge of the administrative district, the construction placed on Section 2 by the Court in Eucaline Medicine Co. vs. Standard Inv. Co., supra, remains equally applicable to Section 2, as amended. Therefore, no 'office' within the meaning of Sections 30 and 40 of Article XVI of the Constitution of Texas was created. Eucaline Medicine Co. vs. Standard Inv. Co., supra; cf. Aldine Independent School District vs. Standley, 154 Tex. 547, 280 S.W.2d 578 (1955). We therefore are of the opinion that the legislature merely placed added duties on regularly elected district judges pursuant to provisions of Section 7 of Article V, Constitution of Texas, and provided for the 'reassignment to active duty where and when needed' of voluntarily retired district judges pursuant to provisions of Section 1a of Article V, Constitution of Texas."

In view of the foregoing it is our opinion that the provisions of Senate Bill 529, Acts 62nd Leg., R.S. 1971, Ch. 462, p. 1646 (Article 1811e, Vernon's Civil Statutes), do not create an additional office, but merely place additional duties on members of the Judiciary when they are assigned under the provisions of Article 1811e, Vernon's Civil Statutes. Therefore, an active appellate or district judge may be designated and appointed to sit as a commissioner of the Court of Criminal Appeals without violating Sections 12, 33 or 40 of Article XVI of the Constitution of Texas.

## S U M M A R Y

Senate Bill 529, Acts 62nd Leg., R.S. 1971, Ch. 462, p. 1646 (Article 1811e, Vernon's Civil Statutes), authorizing the designation and appointment of a retired appellate or district judge or an active appellate judge or district judge to sit as a commissioner of the Court of Criminal Appeals, does not create an "office", but merely provides additional duties on members of the Judiciary and is therefore valid. The appointee may be compensated.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Sparks
Fisher Tyler
John Banks
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant