In re Amerisure Insurance Company










Â 




Â 
IN THE
TENTH COURT OF APPEALS
 

No. 10-00-354-CV

IN RE AMERISURE INSURANCE COMPANY
 

 Original Proceeding
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Amerisure Insurance Company petitions this Court to issue a writ of mandamus against
Respondent, the Honorable Ralph Strother, Judge of the 19th District Court of McLennan
County. However, the mandamus record provided by Amerisure reflects that the Honorable
Bill Logue presided over the hearing in which Amerisure sought to compel the real party in
interest to submit to a medical examination under Rule of Civil Procedure 204. Judge Logue
signed the order denying Amerisureâs motion. Amerisure has failed to name the proper
respondent. We deny the petition.


 See Jampole v. Touchy, 673 S.W.2d 569, 572 (Tex. 1984)
(orig. proceeding); Gaal v. Townsend, 77 Tex. 464, 465, 14 S.W. 365, 365 (1890); Pelt v.
Johnson, 818 S.W.2d 212, 215 (Tex. App.âWaco 1991, orig. proceeding); City of Beaumont
v. Stephenson, 95 S.W.2d 1360, 1364-65 (Tex. Civ. App.âBeaumont 1936, writ dismâd);
Tex. R. App. P. 52.2.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Writ denied
Opinion delivered and filed November 1, 2000
Publish



eptember 10, 2008

Do not publish

[CR25]









[1]   This court has jurisdiction
over criminal appeals only when expressly granted by law.Â  See Everett v. State, 91 S.W.3d 386, 386 (Tex. App.ÂWaco 2002, no pet.).Â  An
intermediate court of appeals has no jurisdiction over postconviction writs of
habeas corpus in felony cases.Â  See Ex parte Martinez, 175 S.W.3d
510, 512-13 (Tex. App.ÂTexarkana 2005, orig. proceeding) (citing Tex. Code Crim. Proc. Ann. art. 11.07(3)(a), (b)
(Vernon 2005)); Self v. State, 122 S.W.3d 294, 294-95 (Tex.
App.ÂEastland 2003, no pet.) (same).Â  The Court of Criminal Appeals and lower
courts have recognized that Âthe exclusive post-conviction remedy in final
felony convictions in Texas courts is through a writ of habeas corpus pursuant
to [article] 11. 07.ÂÂ  Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex.
Crim. App. 1996); see Ex parte Mendenhall, 209 S.W.3d 260, 261 (Tex.
App.ÂWaco 2006, no pet.).