

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 18, 2005

The Honorable Richard J. Miller
Bell County Attorney
Post Office Box 1127
Belton, Texas 76513

Opinion No. GA-0348

Re: Whether a county commissioner may simultaneously hold the position of municipal judge of a city located within his county (RQ-0317-GA)

Dear Mr. Miller:

You seek an opinion on "whether a county commissioner may be appointed as a municipal judge for compensation and serve in both offices simultaneously."[1] In your request, you point out three primary grounds that potentially prohibit a county commissioner from serving as a compensated municipal judge: (1) the constitutional prohibition against dual office holding; (2) the constitutional separation of powers requirement; and (3) the common-law doctrine of incompatibility. *See* Request Letter, *supra* note 1, at 1-2. You also inquire about the Texas Code of Judicial Conduct. *See id.* at 3. We address each ground in turn.

## I.     Constitutional Prohibition Against Dual Office Holding

With certain exceptions, the Texas Constitution prohibits an individual from holding at the same time more than one "civil office of emolument."[2] TEX. CONST. art. XVI, § 40(a). One office expressly excepted from this provision is that of county commissioner.[3] *See id.* In an early case construing article XVI, section 40, the Texas Supreme Court held that a county commissioner could

---

[1]Letter from Honorable Richard J. Miller, Bell County Attorney, to Honorable Greg Abbott, Texas Attorney General (Feb. 10, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]"A 'civil office' is an office that pertains to the exercise of the powers or authority of civil government." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994). An emolument is a "pecuniary profit, gain or advantage." *Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944). The office of county commissioner is a civil office of emolument. *See* Tex. Att'y Gen. LO-98-035, at 1. Similarly, the office of municipal judge is a civil office of emolument. *See* Tex. Att'y Gen. Op. No. JM-333 (1985) at 1.

[3]Article XVI, section 40 provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public and Postmaster," certain military offices, and officers and directors of soil and water conservation districts. TEX. CONST. art. XVI, § 40(a).

simultaneously hold the office of city mayor.[4] *See Gaal v. Townsend*, 14 S.W. 365, 366-67 (Tex. 1890) ("[W]e are clearly of the opinion that the appellant did not vacate his office of county commissioner by accepting that of mayor"). In *Gaal*, the court was presented with two possible constructions of section 40: In one construction, a person holding one of the enumerated offices could hold another civil office of emolument when the other office was one of the other offices listed in section 40; in the other construction, a person holding one of the excepted offices could hold any other civil office of emolument. *See Gaal*, 14 S.W. at 366. Ultimately, the court decided the latter construction prevailed such that any one of the excepted offices could hold any other civil office of emolument. *See id.* Because the office is expressly excepted from article XVI, section 40, we conclude that a county commissioner is not prohibited by that constitutional provision from simultaneously serving as a compensated municipal judge.

## II.    Separation of Powers

You also inquire whether the separation of powers doctrine precludes the county commissioner from being appointed municipal judge. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. CONST. art. II, § 1. The policy behind the separation of powers doctrine is to "prohibit one branch of government from interfering with functions constitutionally committed to other branches of government." *Turner v. Trinity Indep. Sch. Dist. Bd. of Trs.*, 700 S.W.2d 1, 2 (Tex. App.–Houston [14th Dist.] 1983, no writ). The separation of powers doctrine was treated for several "years in the mid-1970s as a dual office holding provision." Tex. Att'y Gen. LO-92-004, at 1. However, this office has long since abandoned the use of the doctrine as a bar to dual office holding. *See* Tex. Att'y Gen. Op. No. JM-519 (1986) at 4; *see also* Tex. Att'y Gen. Op. No. JC-0216 (2000) at 1 (citing Tex. Att'y Gen. Op. No. JM-519 (1986)) ("It is now clear that, in the usual circumstance, the separation of powers doctrine does not constitute an impediment to dual office holding."); Tex. Att'y Gen. LO-92-004, at 1 (citing Tex. Att'y Gen. Op. No. JM-519 (1986)). Accordingly, we conclude that article II, section 1 does not preclude a county commissioner from also serving as a municipal court judge.

## III.    Doctrine of Incompatibility

You ask whether the doctrine of incompatibility prohibits the commissioner from being appointed a municipal judge of a city located within his county. *See* Request Letter, *supra* note 1, at 2. This office has consistently opined that though the office of county commissioner is excepted from article XVI, section 40, the office is not thereby protected from the operation of the common-law doctrine of incompatibility. *See* Tex. Att'y Gen. Op. No. GA-0015 (2003) at 3 (stating case law holding office of commissioners exempt from article XVI, section 40 "does not address whether the doctrine of incompatibility prohibits such dual service"); *see also* Tex Att'y Gen. LO-96-004, at 2.

---

[4]*See also Ramirez v. State*, 505 S.W.2d 406, 410 (Tex. Civ. App.–San Antonio 1974, writ ref'd n.r.e.) ("a county commissioner may hold or exercise at one time one or more civil offices of emolument"); Tex. Att'y Gen. Op. Nos. C-43 (1963) at 2 ("the office of county commissioner is expressly excepted"), V-63 (1947) at 1-2 (stating section 40 is inapplicable to the office of county commissioner), O-3576 (1941) at 2 ("The office of county commissioner being specifically excepted . . . does not come within the prohibition thereof.").

Therefore, to answer your question we must examine whether the offices of county commissioner and municipal judge are incompatible.

There are three aspects to the doctrine of incompatibility: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0273 (2004) at 2. Self-appointment involves the incompatibility of being both a member of a body making the appointment and an appointee of that body. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928); *see also* Tex. Att'y Gen. LO-95-029, at 2. Self-employment involves an officer and an employee and prohibits one person from holding an office that directly appoints or supervises the employee, or "where the particular duties of the two positions and the relationship between them [give] rise to a great risk that one would impose its policies on the other." Tex. Att'y Gen. LO-95-029, at 2-3. Neither aspect is applicable here because the municipality, not the commissioners court, is responsible for the selection of municipal judges, *see* TEX. GOV'T CODE ANN. §§ 30.00006(b) (Vernon 2004) (municipal courts of record), 29.004(a)-(b) (municipal courts), and county commissioners are not appointed by municipal judges but elected by the qualified voters of the county. *See* TEX. CONST. art. V, § 18. Similarly, the city council, not the commissioners court, supervises the operations of a municipal court and provides facilities for the municipal court, *see* TEX. GOV'T CODE ANN. §§ 30.00006(h) (salary), .00009 (clerk, other personnel), .00010 (court reporter), .00012 (court facilities), .000125 (seal) (Vernon 2004); *see generally id.* ch. 29, while a county commissioner answers to the qualified voters of the county. *See* TEX. CONST. art. V, § 18.

Because the first two aspects of incompatibility are inapplicable, we look to the conflicting loyalties aspect. Conflicting loyalties incompatibility was first addressed in *Thomas v. Abernathy County Line Independent School District*, where the Texas Commission of Appeals held the offices of school trustee and city alderman incompatible because the relationship between the two offices created the potential for conflict. *See Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted). The court in *Thomas* was concerned that by virtue of holding one office a person could "thereby impose its policies on the other or subject it to control in some other way." Tex. Att'y Gen. Op. No. JM-862 (1988) at 4. This office has had many occasions to examine whether two offices were incompatible because of conflicting loyalties. *See* Tex. Att'y Gen. Op. Nos. GA-0307 (2005) at 4 (considering conflicting loyalties), GA-0032 (2003) at 4-5 (same), JC-0339 (2001) at 3 (same), JM-1266 (1990) at 4 (same). The potential for conflict is more likely where geographic boundaries of the two governmental entities overlap because the duties of the two offices are more likely to conflict. *See* Tex. Att'y Gen. Op. Nos. JC-0339 (2001) at 3 (zoning authority of city Planning and Zoning Commission would include jurisdiction over development of Municipal Utility District within city's geographic territory, and officer of both entities would have conflicting loyalties), JM-203 (1984) at 10 ("if two offices serve jurisdictions which overlap geographically, their duties are much more likely to conflict"). We have said where two governmental bodies are authorized to contract with each other, one person may not serve as a member of both. *See* Tex. Att'y Gen. Op. No. JM-1266 (1990) at 4 ("If, for example, the two political subdivisions contract with each other, there probably exists sufficient potential for conflicting loyalties as to render the two positions incompatible."). Similarly, we have determined where two governmental entities have overlapping powers of taxation, the potential for conflict absolutely prohibits one person serving as an officer of both entities. *See* Tex. Att'y Gen. Op. Nos.

GA-0032 (2003) at 5 ("[i]f two districts with overlapping geographical jurisdictions each have the power of taxation, . . . the potential for conflict is insurmountable"); JC-0557 (2002) at 5 (same). Where no potential for conflict exists, however, this office has determined that incompatibility does not preclude one person from holding two offices. *See* Tex. Att'y Gen. Op. Nos. JC-0490 (2002) (considering offices of school district trustee and county treasurer), JC-0216 (2000) (considering offices of municipal judge and junior college trustee), DM-47 (1991) (considering offices of director of non-taxing river authority and appraisal district board member), JM-819 (1987) (considering offices of justice of the peace and municipal judge).

Despite the geographic overlap between the municipality and the county, there is practically no relationship between the offices of county commissioner and municipal judge, much less one that would result in conflicting loyalties. County commissioners courts have taxing authority, *see* TEX. LOC. GOV'T CODE ANN. § 81.006 (Vernon 1999), but municipal courts do not. *See generally* TEX. GOV'T CODE ANN. chs. 29-30 (Vernon 2004). One person holding both positions would not have overlapping taxation authority. While a municipality and a county may contract with each other for the performance of governmental functions and services, a municipal court does not perform governmental functions and services, *see id.* § 791.011(a)-(d) (defining governmental functions and services), and could neither be a party to a contract with the county nor have any authority over such a contract. A commissioners court can sue and be sued, but cases involving the commissioners court are civil while the jurisdiction of a municipal court is limited[5] to primarily criminal jurisdiction over violations of city ordinances. *See id.* §§ 30.00005 (municipal court of record), 29.003 (municipal court) (Vernon 2004). Such limited jurisdiction would preclude civil cases involving a county commissioners court from being brought before the municipal court. Other legislative powers[6] of a county commissioners court include: the authority to change commissioner and justice precinct boundaries;[7] the authority to support paupers;[8] the power of appointment over vacant county offices;[9] and authority over the county budget.[10] A municipal court shares none of these powers. *See generally id.* chs. 29-30.

---

[5]The jurisdiction of a municipal court is even more limited than the jurisdiction of a justice court. *See* Tex. Att'y Gen. Op. No. JC-0216 (2000) at 2.

[6]A county commissioners court is authorized to issue notices, citations, writs and process. *See* TEX. LOC. GOV'T CODE ANN. § 81.022(a) (Vernon 1999). However, this authority is that which is "necessary for the proper execution of its powers and duties and the enforcement of its jurisdiction." *Id.* The jurisdiction of the commissioners court is mostly legislative, *see* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 2 (stating "the general legislative authority of the county is in the commissioners court"), and any judicial jurisdiction a commissioners court may have is not criminal. Therefore, we see no potential conflict between this power of the commissioners court and the writ power of a municipal court.

[7]*See* TEX. LOC. GOV'T CODE ANN. § 81.021(a) (Vernon 1999).

[8]*See id.* § 81.027 (Vernon Supp. 2004-05).

[9]*See id.* § 87.041(a) (Vernon 1999).

[10]*See id.* §§ 111.008(a), .039 (Vernon 1999).

We recognize a county commissioners court can create certain criminal offenses that are deemed by statute to be Class C misdemeanors. *See* TEX. LOC. GOV'T CODE ANN. §§ 235.025 (Vernon Supp. 2004-05) (county regulation of matters relating to explosives and weapons), 351.903 (county juvenile curfew); TEX. TRANSP. CODE ANN. § 394.084 (Vernon 1999) (county regulation of outdoor signs on rural roads); TEX. HEALTH & SAFETY CODE ANN. § 365.034 (Vernon 2001) (county regulation of litter near public highway). Justice courts would have jurisdiction over such offenses because they are punishable only by fine. *See* TEX. CODE CRIM. PROC. ANN. § 4.11 (Vernon 2005) (justice courts have criminal jurisdiction in criminal cases punishable by fine only); TEX. PEN. CODE ANN. § 12.23 (Vernon 2005) (Class C misdemeanors involve a "fine not to exceed $500."). Municipal courts have specified concurrent jurisdiction with justice courts when the offense arises in the municipality. *See* TEX. GOV'T CODE ANN. §§ 29.003(b) (Vernon 2004) (municipal courts), 30.00005(d) (Vernon 2004) (municipal courts of record). Thus, there may be occasions where a person charged with a criminal offense created by the commissioners court is before the municipal judge. We point out, however, that municipal court jurisdiction concurrent with that of a justice court does not preclude a matter from being heard in the justice court. Because most of the offenses listed above concern county matters and because we believe most county prosecutors would file the case in the justice court, the likelihood of cases involving these offenses being prosecuted in municipal court is remote. We do not believe that the remote possibility of such a case coming before a person in his or her role as municipal judge would induce or otherwise motivate a person in his role as county commissioner to legislatively act regarding the offense. Moreover, we believe it only a remote possibility that his service as a municipal judge would impact or conflict with his role over the county's justice court system as county commissioner.

We believe the offices of county commissioner and municipal judge are not such that a person holding one office could impose policies on the other or subject the other to its control. Moreover, the mere overlap of geographic boundaries where there is no other potential conflict does not compel us to find these two offices incompatible. Accordingly, it is our opinion that conflicting loyalties incompatibility does not bar a county commissioner from serving as a municipal judge of a city located within his county.

## IV.     Judicial Canons

Finally, you allude to the Texas Code of Judicial Conduct (the "Code") and appear to inquire whether it would preclude a municipal judge, once appointed, from serving as a county commissioner. *See* Request Letter, *supra* note 1, at 3. In your letter, you bring to our attention Canon 5(3) of the Code. *See id.* Canon 5(3) provides that "[a] judge shall resign from judicial office upon becoming a candidate in a contested election for a non-judicial office either in a primary or in a general election or in a special election." TEX. CODE JUD. CONDUCT, Canon 5(3), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. B (Vernon 2005). You correctly point out that Canon 6C exempts municipal judges from complying with Canon 5(3). *See* Request Letter, *supra* note 1, at 3; TEX. CODE JUD. CONDUCT, Canon 6C(1)(e), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. B (Vernon 2005) (providing municipal judge "is not required to comply: . . . (e) with Canon 5(3)"). Because the language of the Code is clear, we conclude that Canon 5(3) does not prohibit a municipal judge from serving as a county commissioner.

Though you do not inquire about them, we nevertheless consider other canons that might prohibit a municipal judge from simultaneously serving as a county commissioner. Canon 4H states that a "judge should not accept appointment to a governmental committee, commission, or other position that is concerned with issues of fact or policy on matters other than the improvement of the law, the legal system, or the administration of justice." TEX. CODE JUD. CONDUCT, Canon 4H, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. B (Vernon 2005). This office has previously considered Canon 4H as it pertained to a municipal judge holding the position of junior college district trustee. *See* Tex. Att'y Gen. Op. No. JC-0216 (2000). Attorney General Opinion JC-0216 concluded that because the trustee position was "elective rather than appointive," Canon 4H was not applicable. *Id.* at 3. Moreover, Opinion JC-0216 recognized that Canon 6C exempted municipal judges from operation of Canon 4H. *See id.*; TEX. CODE JUD. CONDUCT, Canon 6C, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. B (Vernon 2005). For the same reasons, we conclude that Canon 4H does not prevent a municipal judge from also holding the office of county commissioner.

These conclusions, however, do not end the inquiry because Canon 6C does not exempt municipal judges from compliance with all judicial canons. A municipal judge must still comply with Canons 2A, 3A, 4A, and 4I(1), all of which might be relevant here. Pursuant to Canon 2A, a judge "should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." TEX. CODE JUD. CONDUCT, Canon 2A, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. B (Vernon 2005). In addition, the judge's judicial duties "take precedence over all the judge's other activities," and a judge shall conduct all "extra judicial activities so that they do not: (1) cast reasonable doubt on the judge's capacity to act impartially . . . ; or (2) interfere with the proper performance of judicial duties." *Id.* Canons 3A, 4A. A judge is also prohibited from receiving compensation and expenses for extra-judicial activities where the source of the payments "give[s] the appearance of influencing the judge's performance of judicial duties or otherwise give[s] the appearance of impropriety." *Id.* Canon 4I(1).

Without legal analysis or citation of any particular canon, the State Commission on Judicial Conduct (the "Commission") issued a Public Statement condemning the practice of a judge concurrently serving as a law enforcement officer. *See* State Comm'n on Judicial Conduct, Public Statement No. PS-2000-1.[11] Because the two offices were part of different branches (judicial and executive), the Commission concluded that a judge attempting to fulfill the requirements of both offices would "severely compromise[] the impartiality and independence of the judicial office." *Id.* A municipal judge serving as county commissioner might raise some of the concerns that the Commission addressed in its Public Statement. In considering a similar scenario concerning a temporary municipal judge serving as the city's finance director, this office concluded that the question "[w]hether a judge's conduct in specific circumstances offends the Code of Judicial Conduct is ultimately a matter for the State Commission on Judicial Conduct." Tex. Att'y Gen. Op. No. GA-0199 (2004) at 4 (stating "the opinion process [cannot] investigate and resolve the fact questions that may be necessary to determine whether the temporary municipal judge has violated any" canons). We reach the same conclusion here. While Canons 5(3) and 4H do not preclude the

---

[11]*Available at* www.scjc.state.tx.us (under "Public Information" heading).

dual service about which you inquire, the question as to whether, under other judicial canons, a municipal judge holding the position of county commissioner would "undermine[] the public's confidence in an impartial and independent judiciary"[12] is a question we must leave to the State Commission on Judicial Conduct.

---

[12]*See* State Comm'n on Judicial Conduct, Public Statement No. PS-2000-1.

### S U M M A R Y

Neither Article XVI, section 40, nor Article II, section 1 of the Texas Constitution prohibits a county commissioner from simultaneously serving as a municipal judge for a municipality within the county. Similarly, the common-law doctrine of incompatibility does not bar the contemplated dual service. While Canons 5(3) and 4H of the State Code of Judicial Conduct do not prevent a municipal judge from holding the office of county commissioner, other canons might, and the question as to whether other canons preclude such service is a matter for the State Commission on Judicial Conduct.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee