

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

November 29, 2016

The Honorable Rodney W. Anderson
Brazos County Attorney
Brazos County Courthouse
300 East 26th Street, Suite 1300
Bryan, Texas 77803-5359

Opinion No. KP-0119

Re: The effect of section 130.0827 of the Education Code on the simultaneous service of an individual as a board trustee of Blinn College and a Brazos County commissioner (RQ-0108-KP)

Dear Mr. Anderson:

You ask about the effect of section 130.0827 of the Education Code on the simultaneous service of an individual as a board trustee of Blinn College and a Brazos County commissioner.[1] In particular, you request an opinion about the common-law "doctrine of incompatibility and the constitutional provision of dual office holding as it pertains to a County Commissioner elect and the Blinn College Board of Trustees." Request Letter at 1. You inform us that Blinn College has four district campuses, and its service area includes Brazos County, Washington County, and several other counties. *Id.* Although the largest campus is in Brazos County, previously all seven of the members on the Blinn College Board of Trustees were from Washington County, where Blinn College exercises taxing authority. *Id.*

Section 130.0827 of the Education Code, passed in 2015 by the Eighty-fourth Legislature, requires the appointment of additional members to the Blinn College Board of Trustees. TEX. EDUC. CODE § 130.0827(a).[2] In addition to the trustees who are elected or appointed pursuant to other provisions, "the commissioners court of each county in which a branch campus of the district with a student enrollment greater than 10,000 is located shall appoint two members to serve on the district's board of trustees." *Id.* These additional members serve a two-year term and may be appointed to serve successive terms. *Id.* § 130.0827(b). They generally may participate in the district board's decision-making, except that the members appointed under section 130.0827 may not participate in decision-making "related to the imposition of a tax or the distribution of revenue raised from a tax." *Id.* § 130.0827(c)(1). You state that Brazos County recently appointed two trustees under this section, one of whom has become a candidate for Brazos County commissioner, precinct 3, and is unopposed in the upcoming general election. Request Letter at 1–2.

---

[1]*See* Letter from Honorable Rodney W. Anderson, Brazos Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (May 27, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Act of May 27, 2015, 84th Leg., R.S., ch. 869, § 1, 2015 Tex. Gen. Laws 2960, 2960–61.

We first address the "constitutional provision of dual office holding as it pertains to a County Commissioner elect and the Blinn College Board of Trustees." *Id.* at 1. Article XVI, section 40 of the Texas Constitution prohibits an individual from simultaneously holding "more than one civil office of emolument," but it expressly excludes county commissioners from the prohibition. TEX. CONST. art. XVI, § 40(a). Thus, a county commissioner may hold another civil office without violating the constitutional prohibition against dual office holding. *See id.*; *Gaal v. Townsend*, 14 S.W. 365, 366 (Tex. 1890).

Next, we address the common-law doctrine of incompatibility. Common-law incompatibility has three aspects: self-appointment, self-employment, and conflicting loyalties incompatibility. *See* Tex. Att'y Gen. Op. No. GA-0786 (2010) at 1. For determining the compatibility of two offices, "the crucial question is whether the occupancy of both offices by the same person is detrimental to the public interest or whether the performance of the duties of one interferes with the performance of those of the other." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 930 (Tex. Crim. App. 1994).

The first aspect of common-law incompatibility, self-appointment incompatibility, derives from a Texas Supreme Court opinion, *Ehlinger v. Clark*, which stated that

> [i]t is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint.

*Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). Because the Brazos County commissioners court possesses the authority to appoint the additional trustees, the self-appointment aspect may render the offices of county commissioner and college district board of trustees incompatible in certain circumstances. *See* TEX. EDUC. CODE § 130.0827(b). Although the individual you identify was not a member of the commissioners court when it appointed her to the board of trustees, the commissioners court will have authority to appoint her to a successive term on the board. *See id.*; Request Letter at 1–2.

The second aspect of the doctrine, self-employment incompatibility, "prohibits a person from holding both an office and an employment that the office supervises." Tex. Att'y Gen. Op. No. KP-0054 (2015) at 1. Assuming that the commissioners court does not have supervisory authority over a district trustee after appointment, self-employment incompatibility does not appear to be an issue.

The third aspect of the doctrine, conflicting-loyalties incompatibility, "prohibits an individual from simultaneously holding two positions that would prevent him . . . from exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 2; *see also Thomas v. Abernathy Cty. Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927) (holding that positions of school trustee and municipal alderman are incompatible because of the various regulatory powers the municipality could exert on school

property). You ask specifically about conflicting loyalties incompatibility as it was discussed in Attorney General Opinion JM-129. Request Letter at 2. In that opinion, this office concluded that a trustee of the Dallas County Community College may not simultaneously serve as a Dallas County commissioner, in part because the county and the college district would have conflicting interests with respect to tax collection. Tex. Att'y Gen. Op. No. JM-129 (1984) at 2. You suggest that because the trustees appointed by the Brazos County commissioners court may not participate in taxation decisions, the conflicting-loyalties aspect of incompatibility may not prevent one person from holding both offices simultaneously. Request Letter at 2–3; TEX. EDUC. CODE § 130.0827(c)(1).

While the appointed trustees' lack of authority to participate in tax and revenue decisions ameliorates one potential basis of incompatibility, offices of two governing bodies are incompatible whenever one entity may exert authority contrary to the interests the other. *Thomas*, 290 S.W. at 153. As the opinion in JM-129 observed, when the boundaries of a college district and a county overlap, "the potential for other conflict always exists." Tex. Att'y Gen. Op. No. JM-129 (1984) at 3. In light of the fact that a Blinn College branch campus is located in Brazos County, the interests of Blinn College and the county are likely to conflict, in which case an individual could not exercise disinterested judgment when serving on both governing boards. *See, e.g.*, *id.* at 2–3 (noting that the duties of the county commissioners court could conflict with duties of the college district with respect to roads); Tex. Att'y Gen. Op. Nos. GA-0793 (2010) at 3 (determining that a school district is not entitled to install a fiber-optic cable on a county road right-of-way but may be able to acquire an easement from the county); H-1019 (1977) at 1 (noting county's authority to enter into an agreement with a school district under the Interlocal Cooperation Act). Therefore, a court would likely conclude that the conflicting-loyalties aspect of common-law incompatibility precludes an individual from simultaneously serving as a member of the Blinn College Board of Trustees and as a Brazos County commissioner.

## S U M M A R Y

A court would likely conclude that the conflicting-loyalties aspect of common-law incompatibility precludes an individual from simultaneously serving as a member of the Blinn College Board of Trustees and as a Brazos County commissioner.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee