## KUGLE et al. v. GLEN ROSE INDEPENDENT SCHOOL DIST. NO. 1.
### No. 1215.

Court of Civil Appeals of Texas. Waco.
May 5, 1932.

Rehearing Denied June 2, 1932.

E. T. Adams, of Dallas, for appellants.

W. J. Oxford, of Stephenville, and S. G. Tankersley, of Glen Rose, for appellee.

ALEXANDER, J.

This action was brought by the Glen Rose independent school district against Perry Kugle as the former tax collector of the district, and J. E. Ward, J. O. Pruitt, and R. S. Darnaby as sureties on his bond, to recover certain sums alleged to be due as taxes collected by said Kugle, and for which he failed to account. Judgment was for the plaintiff, and the sureties on the bond appealed.

The school district was a duly incorporated independent school district and elected to assess and collect its own taxes. In October, 1928, Kugle was, by the board of trustees, appointed tax collector of the district, and on November 8th thereafter took the prescribed

oath and executed a bond, with appellants as sureties, for the faithful performance of his duties. He assumed charge of the office in November, 1928, and continued to discharge the duties thereof until April 30, 1931, at which time it was found that he had not accounted for all the funds that had come into his hands as tax collector of the district. This suit was on the bond to recover the funds for which he failed to account. The evidence shows that in November, 1928, Kugle was elected to the office of sheriff and tax collector of Somervell county, and on January 1, 1929, he properly qualified and assumed the duties of that office. He was re-elected to that office in November, 1930, and on January 1, 1931, again qualified and assumed the duties thereof and continued to perform such duties until on or after April, 1931.

It is appellants' contention that Kugle could not hold the two offices of tax collector of the county and tax collector of the school district at the same time and that when he qualified as sheriff and tax collector of the county he thereby vacated the office of tax collector of the school district, and that the sureties on his school bond are not liable for any tax funds thereafter collected by him for the school district. On the other hand, the appellee contends that it is not unlawful for one person to hold two offices at the same time, provided such offices are not incompatible, and that since under the provisions of Revised Statutes, article 2792, the county tax collector may be authorized by the board of trustees of an independent school district to collect the school tax, the two offices are not incompatible and Kugle could lawfully hold both offices.

■ Under the common law, the same person cannot hold two incompatible offices—that is, offices, the duties of which conflict, or are inconsistent—and the general rule is that the acceptance and qualification for an office incompatible with one then held is a resignation of the former. Thomas v. Abernathy County Line Ind. School District (Tex. Com. App.) 290 S. W. 152; State v. Brinkerhoff, 66 Tex. 45, 17 S. W. 109; Biencourt v. Parker, 27 Tex. 558; 46 C. J. 941, 947; 22 R. C. L. 412, 418.

■ Our Constitution provides that no person shall hold or exercise, at the same time, more than one civil office of emolument except in certain cases therein named, and, as we understand the rule, if one holding an office of emolument should accept and qualify for another office of emolument, he would be held to have vacated the former office, regardless of whether or not the two offices were incompatible. Odem v. Sinton Ind. School District (Tex. Com. App.) 234 S. W. 1090, par. 6; First Baptist Church v. City of Ft. Worth (Tex. Com. App.) 26 S.W.(2d) 196; Martin

v. Grandview Ind. School District (Tex. Civ. App.) 266 S. W. 607, par. 6 (writ ref.); Alsup & Thompson v. Jordan, 69 Tex. 300, 6 S. W. 831, 5 Am. St. Rep. 53; State v. Valentine (Tex. Civ. App.) 198 S. W. 1006; 46 C. J. 947; 22 R. C. L. 418.

■ It is doubtless permissible for the Legislature to assign to the county tax collector the duty of collecting the taxes of independent school districts, as is done under the provisions of Revised Statutes, article 2792, for the collector in discharging such duties is not holding two offices, but is merely performing extra duties assigned to the one office. First Baptist Church v. City of Ft. Worth (Tex. Com. App.) 26 S.W.(2d) 196; City of Houston v. Stewart, 99 Tex. 67, 87 S. W. 663; Powell v. Wilson, 16 Tex. 59. But in this case the duty of collecting the taxes of the independent school district was never assigned to the county tax collector. The board of trustees elected to have the taxes collected by a collector of its own selection, and Kugle in collecting the school taxes was doing so as the collector for the district, while in collecting county taxes he was acting as county tax collector. We are of the opinion that he could not legally hold both offices and that when he qualified as county tax collector he automatically forfeited his right to the office of collector for the school district.

■ However, the mere fact that Kugle could not lawfully hold both offices at the same time does not necessarily prevent a recovery on the bond herein sued on, for it appears that he, with full knowledge of his bondsmen, actually continued to discharge the duties as collector for the district under the appointment theretofore made by the board of trustees. It is a generally recognized rule that where one under color of right enters into the possession of an office and exercises the functions thereof, he is a de facto officer and the acts performed by him as such are valid so far as the public or third parties are concerned, notwithstanding he is not actually authorized to fill such office. Blewett v. Richardson Ind. School District (Tex. Com. App.) 240 S. W. 529; Martin v. Grandview Ind. School District (Tex. Civ. App.) 266 S. W. 607; Shriber v. Culberson (Tex. Civ. App.) 31 S.W.(2d) 659; Germany v. State, 109 Tex. Cr. R. 180, 3 S.W.(2d) 798; Broach v. Garth (Tex. Civ. App.) 50 S. W. 594; 46 C. J. 1060; 22 R. C. L. 601. Bonds given as security for the discharge of the duties of an office are good although the principals thereon are officers de facto only since neither the principal nor the sureties may be heard to impeach the official title of the principal. 46 C. J. 1065, § 393; Lee v. Martin, 186 N. C. 127, 118 S. E. 914; Board of County Comm'rs of Hennepin County v. State

Bank, 64 Minn. 180, 66 N. W. 143; Blaco v. State, 58 Neb. 557, 78 N. W. 1056. Kugle, by continuing to discharge the duties of tax collector of the district under the original appointment by the board of trustees, was the de facto collector of the district, notwithstanding he had forfeited his right to hold that office and could have been ousted therefrom by the school board or any other person showing a proper interest therein. Since he was the de facto collector of the district and his acts thereunder were valid, he and his bondsmen were liable on the bond for the funds so received by him by virtue of his office and unaccounted for by him.

██ Moreover, if it should be determined that he was not the de facto collector of the district and that recovery cannot be had on the bond as a statutory bond, still he and his bondsmen are liable on the bond as a common-law obligation. The bond was entered into voluntarily by the principal and his sureties. It bound the principal and his sureties to pay to the board of school trustees and their successors in office the sum of $6,000 and was made for the benefit of the school district and was accepted by the board of trustees for the district. It recited that he had been appointed tax collector of the district, and provided that: "If the said Perry Kugle shall faithfully perform and discharge all of the duties required of him by law as tax collector for said district, aforesaid, and shall pay over as the law directs all monies coming into his hands belonging to the said district, to the persons legally authorized to receive the same, then this obligation to be void, otherwise to remain in full force and effect." By the very terms of the bond the principal and his sureties obligated themselves to pay over to the school' district all funds coming into the hands of the principal and belonging to the district. The terms of the bond contravened no law or public policy, and the bond does not require that the terms of any statute be read into it in order to make it a binding contract. The emoluments of the office furnished sufficient consideration for the execution of the bond. It therefore had all the essential elements of a binding contract and was good as a common-law obligation. Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197; Watkins v. Minter, 107 Tex. 428, 180 S. W. 227; Jacobs v. Daugherty, 78 Tex. 682, 15 S. W. 160; Colorado National Bank v. Lester, 73 Tex. 542, 11 S. W. 626; Sullivan v. City of Galveston (Tex. Civ. App.) 17 S.W.(2d) 478, sec. 5; 9 C. J. 27; 21 L. R. A. (N. S.) 766, note. The judgment as entered by the trial court in this case has no greater effect than to require the bondsmen to comply with the terms thereof as agreed to by them.

The judgment of the trial court is affirmed.