

# The Attorney General of Texas

December 2, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Terral R. Smith
Chairman
Committee on Criminal Jurisprudence
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-386

Re:   Whether an alderman of a
general law city may serve as
a member of that city's police
reserve

Dear Representative Smith:

You request an opinion on the following question:

> Can an alderman on the city council of a
> general law city legally serve as a member of that
> same city's police reserve?

Article 998a, V.T.C.S., authorizes a general law city to establish a police reserve force:

> (a) The governing body of any city, town, or
> village may provide for the establishment of a
> police reserve force. Members of the police
> reserve force, if authorized, shall be appointed
> at the discretion of the chief of police and shall
> serve as peace officers during the actual dis-
> charge of official duties.
>
> (b) The governing body shall establish quali-
> fications and standards of training for members of
> the police reserve force, and may limit the size
> of the police reserve force.
>
> (c) No person appointed to the police reserve
> force may carry a weapon or otherwise act as a
> peace officer until he has been approved by the
> governing body. After approval, he may carry a
> weapon only when authorized by the Chief of
> Police, and when discharging official duties as a
> duly constituted peace officer.
>
> (d) Members of the police reserve force serve
> at the discretion of the chief of police and may
> be called into service at any time the chief of

police considers it necessary to have additional officers to preserve the peace and enforce the law.

(e) Members of the police reserve force may serve without compensation but <u>the governing body may provide uniform compensation for members of the police reserve force</u>. The compensation shall be based solely upon time served by a member of the police reserve force while in training for, or in the performance of, official duties.

(f) <u>The governing body may provide hospital and medical assistance to a member of the police reserve force who sustains injury in the course of performing official duties in the same manner as provided by the governing body for a full time police officer</u>, and reserve officers shall be eligible for death benefits as set out in Chapter 86, Acts of the 60th Legislature, Regular Session, 1967, as amended (Article 6228f, Vernon's Texas Civil Statutes), provided, however, that nothing in this Act shall be construed to authorize or permit a member of the police reserve force to become eligible for participation in any pension fund created pursuant to State statute to which regular officers may become a member by payroll deductions or otherwise.

(g) Reserve police officers shall act only in a supplementary capacity to the regular police force and shall in no case assume the full time duties of regular police officers without first complying with all requirements for such regular police officers.

(h) This Act does not limit the power of the mayor of any general-law city to summon into service a special police force, as provided by Article 995, Revised Civil Statutes of Texas, 1925. (Emphasis added).

The city council has considerable supervisory power over the police reserve. The council establishes the force and determines its size. It sets qualifications and training standards for members and determines whether they shall receive compensation and hospital and medical assistance. No individual member of the police reserve force may carry a weapon or otherwise act as a police officer until he has been approved by the city council. <u>Id.</u>

In our opinion, the common law doctrine of incompatibility prohibits an alderman on the city council of a general law city from serving as a member of the city's police reserve. This doctrine prevents one person from holding two offices if the duties are in conflict or if one is subordinate to the other. Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927, judgmt adopted); Kugle v. Glen Rose Independent School District No. 1, 50 S.W.2d 375 (Tex. Civ. App. - Waco 1932), rev'd on other grounds sub nom. Pruitt v. Glen Rose Independent School District No. 1, 84 S.W.2d 1004 (Tex. 1935); Attorney General Opinions JM-203 (1984); V-303 (1947). See also State v. Martin, 51 S.W.2d 815 (Tex. Civ. App. - San Antonio 1932, no writ). Considerations of incompatibility also bar a public officer from appointing himself to an office or employment over which he holds the appointive power. Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928); Attorney General Letter Advisory No. 114 (1975); see also Starr County v. Guerra, 297 S.W.2d 379 (Tex. Civ. App. - San Antonio 1956, no writ). Although a member of the reserve is appointed by the police chief, he may not exercise the powers of a peace officer until the city council approves his appointment. V.T.C.S. art. 998a(c). The city council's approval power resembles a shared power to appoint. See generally Attorney General Letters Advisory Nos. 156, 152 (1978) (discussion of shared power to appoint in context of nepotism question). In view of the city council's supervision and other authority over members of the police reserve force, and the accountability of police reserve force members to the city council, a member of the city council may not serve on the city's police reserve.

## SUMMARY

Article 998a, V.T.C.S., gives the city council considerable supervisory authority over members of the police reserve force and makes the force accountable to the city council. The common law doctrine of incompatibility therefore bars an alderman on the city council of a general law city from also serving as a member of the city's police reserve.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk
Bruce Youngblood