THE ATTORNEY GENERAL
OF TEXAS



May 18, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Robert W. Post
DeWitt County Attorney
P. O. Box 110
Cuero, Texas    77954

Opinion No.   JM-1047

Re:  Whether a justice of the peace may also serve as a jailer   (RQ-1633)

Dear Mr. Post:

You state that the sheriff of your county is interested in employing as a jailer an individual who is a duly elected justice of the peace of the county.   You ask whether this employment would violate article XVI, section 40, of the Texas Constitution and whether these two positions are incompatible.

We first consider whether the position of jailer is incompatible with that of justice of the peace.  The common law doctrine of incompatibility bars one person from holding two offices if the duties of the offices are inconsistent or in conflict or if one office is subordinate to the other. Thomas v. Abernathy County Line Indep. School Dist., 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted); Kugle v. Glen Rose Indep. School Dist. No. 1, 50 S.W.2d 375 (Tex. Civ. App. - Waco 1932), rev'd on other grounds sub nom. Pruitt v. Glen Rose Indep. School Dist. No. 1, 84 S.W.2d 1004 (Tex. 1935).  One person may not occupy two offices when one office may "thereby impose its policies on the other or subject it to control in some other way."  Attorney General Opinion JM-485 (1986);  see Thomas, supra; State ex rel. Brennan v. Martin, 51 S.W.2d 815, 817 (Tex. Civ. App. - San Antonio 1932, no writ).  See also Attorney General Opinions H-727 (1975);  0-1263 (1939)  (two law enforcement positions held incompatible because they involve allegiance to different superiors who may give conflicting orders).  If an officer accepts a second position which is incompatible with one already held, he is deemed to have resigned the first.  Thomas, supra.

A justice of the peace holds an office while a jailer does not.  See Tex. Const. art. XVI, § 40; Attorney General Opinion JM-485 (1986).  Cases and attorney general opinions

on incompatibility generally refer to incompatibility of offices. See, e.g., Attorney General Opinions JM-485 (1986) (jailer may serve as constable); O-174 (1939) (offices of justice of the peace and deputy sheriff are incompatible). Nonetheless, this doctrine has in some cases been applied to find a public office and a public employment incompatible. See Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928); Attorney General Opinion JM-203 (1984) at 10; Attorney General Letter Advisory No. 114 (1975) (public employee may not hold office which appoints, supervises, or controls employee). Moreover, some opinions of this office indicate in dicta that the duties of an office can be legally incompatible with the duties of an employment. See Attorney General Opinions JM-485 (1986) (positions of constable and jailer are not legally incompatible; in particular cases incompatibiity might exist as a matter of fact); MW-415 (1981) (whether positions of deputy district clerk and deputy county clerk are incompatible is a question of fact); V-1346 (1951) (office of justice of the peace is not incompatible with employment as laborer in county park division).

After examining the duties and responsibilities of the jailer and the justice of the peace in the criminal justice system, we have concluded that the two positions are in-compatible. A review of the role of justice of the peace as magistrate and the jailer as the sheriff's subordinate shows that there are many occasions when the duties and loyalties of the two positions would conflict.

A jailer is employed by the sheriff and subject to his supervision and control in matters involving his duties as jailer. De la Garza v. State, 579 S.W.2d 220 (Tex. Crim. App. 1979); Local Gov't Code § 351.041. See also Local Gov't Code § 85.005 (employment of jail guards). The sheriff is a peace officer with law enforcement powers and duties set out by statute. Code Crim. Proc. arts. 2.12-2.13. The jailer is thus a subordinate of a peace officer. A person designated as a jailer or guard of a county jail under former article 6871, V.T.C.S., now codified as section 85.005 of the Local Government Code, must be licensed by the Texas Commission on Law Enforcement Officer Standards and Education. Gov't Code § ^15.051. See also Gov't Code § 415.054 (grandfather clause).

A justice of the peace is an elected officer who takes the constitutional oath of office and expressly owes his allegiance to the constitution and laws of the United States and Texas. Tex. Const. art. V, § 18; id. art. XVI, § 1. He

is a magistrate with numerous powers and duties in the criminal justice system. Code Crim. Proc. art. 2.09. It is the duty of a magistrate to issue process intended to aid in preventing and suppressing crime and to cause the arrest of offenders by the use of lawful means. Id. art. 2.10. He also sits as an examining court to inquire into a criminal accusation against a person and determine whether probable cause exists to prosecute him for the offense. See id. arts. 2.11, 16.01, 16.17.

After the examining trial, a justice of the peace is to make an order committing the defendant to jail, discharging him or admitting him to bail. Id. arts. 16.17, 16.20. If there is no safe jail in the county that carries on the prosecution, the magistrate may commit the defendant to the nearest safe jail in another county. Id. art. 16.18.

There are many opportunities for the sheriff to appear as a petitioner before the justice of the peace. In an instance when the justice of the peace is also the sheriff's jailer, the individual who holds both positions would be subject to conflicting loyalties. As justice, he owes allegiance directly to the constitution and laws, as set out in his oath of office. As jailer, he is subject to the sheriff's orders.

There are also some specific areas where the jailer's duties could conflict with the duties of the justice of the peace as magistrate. The jailer's personal knowledge of or responsibility for conditions in the local jail might affect his ability as magistrate to reach an impartial decision that "there is no safe jail in the county." Id. art. 16.18. The magistrate might have to hold an examining trial involving a defendant with whom he has dealt as jailer. In such a case, he would face the problem of separating his personal observations as jail employee from the evidence presented to him as judicial officer. The most significant conflicts, however, arise in connection with the magistrate's issuance of search warrants and arrest warrants.

A magistrate has authority to issue search warrants in accordance with the procedures set out in chapter 18 of the Code of Criminal Procedure. Article 18.01 of the Code of Criminal Procedure provides as follows:

> A 'search warrant' is a written order, issued by a magistrate and directed to a peace officer, commanding him to search for

> any property or thing and to seize the same and bring it before such magistrate.

Id. art. 18.01(a).[1]

A search warrant may not be issued unless sufficient facts stated in a sworn affidavit are first presented to satisfy the issuing magistrate that probable cause exists for its issuance. Id. art. 18.01(b). The peace officer to whom the warrant is directed is to take possession of the property and bring it before the magistrate. Id. art. 18.09. See generally MW-84 (1979) (describing procedure for issuing search warrants).

A magistrate issues arrest warrants, defined as written orders directed to a peace officer commanding him to arrest a person accused of an offense against the laws of the state. Code Crim. Proc. arts. 15.01-15.02. See also id. art. 18.03 (seach warrant may also order arrest). The person making the arrest is to take the person arrested before a magistrate who will inform him of the rights set out in article 15.17 of the Code of Criminal Procedure and admit him to bail if allowed by law. Id. arts. 15.17, 18.09. See generally Attorney General Opinion JM-151 (1984) (describing procedures involved in taking prisoner before a magistrate).

The Fourth Amendment of the United States Constitution, which is applicable to the states through the Fourteenth Amendment, establishes requirements for the issuance of warrants that are relevant to the conduct of the justice of the peace when acting as magistrate. The determination of probable cause necessary to issuing a search warrant or arrest warrant must be made by "a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 333 U.S. 10 (1948); Sharp v. State, 677 S.W.2d 513 (Tex. Crim. App. 1984). To be neutral

---

1. A justice of the peace is not, however, among the magistrates authorized to issue warrants pursuant to article 18.02(10) of the Code of Criminal Procedure. Code Crim. Proc. art. 18.01(c). Article 18.02(10) permits the issuance of a search warrant for property constituting evidence that a specific offense has been committed or evidence tending to show that a particular person committed an offense.

and detached, a magistrate must be separate and disengaged from law enforcement activities. <u>Shadwick v. City of Tampa</u>, 407 U.S. 345 (1972). The United States Supreme Court invalidated a search warrant issued by the state attorney general "who was actively in charge of the investigation and later was to be chief prosecutor at the trial." <u>Coolidge v. New Hampshire</u>, 403 U.S. 443, 450 (1971). In <u>Lo-Ji Sales, Inc. v. New York</u>, 442 U.S. 319 (1979), the Supreme Court held that a town justice did not act as a neutral and detached magistrate when he signed an open-ended warrant for search and seizure of obscene material and then participated with police and prosecutors in seizing the property. <u>See also</u> Annot., 32 L.Ed.2d 970 (1973) (law enforcement officer, peace officer or prosecutor does not qualify as a neutral and detached magistrate).

A magistrate with a personal financial interest in issuing a warrant lacks the neutrality and detachment that the Fourth Amendment requires. <u>See</u> <u>Connally v. Georgia</u>, 429 U.S. 245 (1977) (per curiam). In <u>Connally v. Georgia</u>, the Supreme Court found that the issuance of search warrants by a justice of the peace violated the Constitution, because justices were not salaried but were paid a fee when a search warrant was issued and received nothing when the warrant was denied. The financial welfare of the justice was enhanced by his agreement to issue a warrant, a situation which offered "a possible temptation to the average man as a judge" and which might interfere with fair treatment of the accused. <u>Id.</u> at 250.

These authorities suggest that a justice's involvement in law enforcement through his employment as jailer by a law enforcement officer could prevent him from qualifying as a "neutral and detached magistrate" for the duration of that employment. Moreover, his status as the sheriff's salaried employee might undermine his independence of judgment in decisions about warrants requested by the sheriff's department.

We will not further consider whether a justice of the peace who is also a jailer can qualify as a neutral and detached magistrate. A decision that he does not qualify would invalidate the warrants, but would not necessarily cause the individual to vacate either his judicial office or his employment. Nonetheless, the fact that this dual employment raises such serious questions under the Fourth Amendment of the United States Constitution demonstrates that the duties and loyalties of the two positions are inconsistent. We conclude that the common law doctrine of

incompatibility prevents one person from serving as both justice of the peace and jailer of the county. We need not answer your question about the application of article XVI, section 40, of the Texas Constitution.

### S U M M A R Y

The common law doctrine of incompatibility prevents one person from serving as justice of the peace in a county and as jailer in the same county. The duties of the justice of the peace as magistrate conflict with those of the jailer as an employee of the sheriff. Moreover, arrest warrants and search warrants issued by a magistrate who is also a jailer might be invalid under the Fourth Amendment of the United States Constitution.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General