Honorable Toby C. Wilkinson Hunt County Attorney 4th Floor Courthouse P.O. Box 1097 Greenville, Texas 75401
Re: Whether the board of trustees of an independent school district may contract for tax collection with the county when the county assessor-collector is also a member of the board of directors of the appraisal district (RQ-1943)
Dear Mr. Wilkinson:
Subsection (a) of section 6.24 of the Tax Code authorizes the governing body of a taxing unit other than a county to contract, as provided by the Interlocal Cooperation Act,[1] with the governing body of another taxing unit in the county to perform duties relating to the assessment or collection of taxes.[2]
You ask whether the governing body of an independent school district may contract for the collection of taxes with the county in an instance in which the county assessor-collector is also a member of the board of directors of the appraisal district in which the school district participates. You ask specifically whether the doctrines of common law incompatibility and of constitutional dual office holding are violated in such a situation. See, e.g., Attorney General Opinion JM-203 (1984). In addition, it is suggested that section 6.036 of the Tax Code may be violated under the facts you describe. We conclude that neither the common law doctrine of incompatibility nor the dual office holding prohibition is implicated in the factual situation that you present. In addition, section 6.036 of the Tax Code is not violated.
Section 40 of article XVI of the Texas Constitution prohibits, except in certain specified instances, one person from holding two offices of emolument. In order for this dual office holding prohibition to be triggered, the positions involved must both be offices and each must be an office of emolument. For purposes of section 40 of article XVI of the Texas Constitution, the term "emolument" signifies a pecuniary profit, gain, or advantage. Irwin v. State, 177 S.W.2d 970 (Tex.Crim.App. 1944). The office of county tax assessor-collector is an office of emolument. Attorney General Opinion JM-833 (1987). Appraisal district board members are unpaid. Tax Code § 6.03. The office of appraisal district board member, then, is not an office of emolument. See, e.g., Attorney General Opinions MW-450 (1982); MW-81 (1979). Therefore, if a person who is an officer that occupies an office of emolument is elected to serve as an appraisal district board member, the constitutional dual office holding prohibition of section 40 of article XVI is not triggered.
The common law doctrine of incompatibility prevents one person from holding two offices if the duties are inconsistent or in conflict, or if one office is subordinate to the other. Thomas v. Abernathy County Line Indep. School Dist., 290 S.W. 152
(Tex.Comm'n App. 1927, judgm't adopted); Kugle v. Glen Rose Indep. School Dist. No. 1, 50 S.W.2d 375 (Tex.Civ.App.-Waco 1932), rev'd on other grounds sub nom. Pruitt v. Glen Rose Indep. School Dist. No. 1, 84 S.W.2d 1004 (Tex. 1935). The doctrine has been held to bar a public employee from holding a public office that appoints, supervises, and controls the employee. See Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928); Attorney General Opinions JM-862 (1988); JM-519 (1986); Attorney General Letter Advisory No. 114 (1975).
The common law rule would govern in this situation and prohibit a county tax assessor-collector from serving as an appraisal district board member were it not for subsection 6.03(a) of the Tax Code. Section 6.03 of the Tax Code governs, inter alia, the eligibility of persons to serve as members of the board of directors of appraisal districts. Subsection (a) of section 6.03 provides in relevant part:
 An individual who is otherwise eligible to serve on the board is not ineligible because of membership on the governing body of a taxing unit or because the individual is an elected official.
Subsection (a) of section 6.03 of the Tax Code constitutes a general law exception to the common law rule and, thereby, overrides it.[3] Therefore, the common law rule of incompatibility is not applicable in the factual situation that you describe.
Finally, we understand you to ask whether any additional statutory provision governing conflicts of interest is violated in the situation that you describe. Section 6.036 of the Tax Code was added by the 71st Legislature and prohibits certain individuals from entering into contracts with appraisal districts or taxing units under certain specified conditions. Acts 1989, 71st Leg., ch. 796, § 5 at 3592.[4] It provides:
 (a) An individual is not eligible to be appointed to or to serve on the board of directors of an appraisal district if the individual or a business entity in which the individual has a substantial interest is a party to a contract with:
(1) the appraisal district; or
 (2) a taxing unit that participates in the appraisal district, if the contract relates to the performance of an activity governed by this title.
 (b) An appraisal district may not enter into a contract with a member of the board of directors of the appraisal district or with a business entity in which a member of the board has a substantial interest.
 (c) A taxing unit may not enter into a contract relating to the performance of an activity governed by this title with a member of the board of directors of an appraisal district in which the taxing unit participates or with a business entity in which a member of the board has a substantial interest.
 (d) For purposes of this section, an individual has a substantial interest in a business entity if:
 (1) the combined ownership of the individual and the individual's spouse is at least 10 percent of the voting stock or shares of the business entity; or
 (2) the individual or the individual's spouse is a partner, limited partner, or officer of the business entity.
 (e) In this section, `business entity' means a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or other entity recognized by law.
 (f) This section does not limit the application of any other law, including the common law relating to conflicts of interest, to an appraisal district. (Emphasis added.)
In this instance, a county clearly does not fall within the definition of "business entity," as set forth in subsection (e). Nor is the Interlocal Cooperation Act contract permitted by subsection 6.24 of the Tax Code a contract entered into with the county assessor-collector as an individual, even in her official capacity. It is a contract entered into with the commissioners court. We conclude that section 6.036 of the Tax Code is not applicable. We have found no other statutory provision, nor have you directed us to one, that would prohibit the school district from entering into the contract that you describe. See Local Gov't Code ch. 171 (regulating conflicts of interest of officers of local government).
 SUMMARY
The trustees of an independent school district may enter into an Interlocal Cooperation Act contract with the commissioners court of a county for the collection of taxes in an instance in which the county assessor-collector is a member of the board of directors of the appraisal district in which the independent school district participates.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Jim Moellinger Assistant Attorney General
[1] V.T.C.S. art. 4413(32c).
[2] In Attorney General Opinion JM-833 (1987), we concluded that insofar as subsection (b) of section6.24 of the Tax Code permitted the county commissioners and the county assessor-collector to contract duties reposed by section 14 of article VIII
of the Texas Constitution in the constitutional office of county assessor-collector, the subsection is unconstitutional. Because your question involves a fact situation in which a taxing unit is seeking to have the county perform collection duties for it rather than a situation involving a county seeking to have a taxing unit perform collection duties for the county, subsection (b) of section 6.24 is not relevant. Instead, subsection (a) of section 6.24 is the provision that controls.
[3] Section 5.001 of the Civil Practice and Remedies Code provides:
 The rule of decision in this state consists of those portions of the common law of England that are not inconsistent with the constitution or the laws of this state, the constitution of this state, and the laws of this state.
[4] Attorney General Opinion JM-1060 (1989) held that an attorney who had entered into a contract with a taxing unit to enforce the collection of delinquent taxes was not barred from serving as a member of the board of directors of the appraisal district in which that taxing unit participates. That opinion was issued prior to the effective date of section 6.036
of the Tax Code. As of the effective date of that section, that opinion is no longer controlling. We note that subsections (b), (c), and (d) of section 49 of the bill enacting section 6.036 of the Tax Code provides the following:
 (b) The change in law made by Sections 5 and 13 of this Act does not affect the validity of a contract executed before the effective date of those sections.
 (c) The change in law made by Sections 4, 5, 11, 12, and 13 of this Act does not affect the eligibility of a director of an appraisal district or an appraisal review board member to complete the term being served on the effective date of those sections.
 (d) The change in law made by Sections 4 and 5 of this Act does not affect the eligibility of an individual nominated or appointed to an appraisal district board of directors before the effective date of those sections to be appointed to or to serve for the term to which the individual was nominated or appointed before the effective date of those sections.