

OFFICE *of the* ATTORNEY GENERAL
GREG ABBOTT

January 24, 2003

The Honorable Robert F. Vititow
Rains County Attorney
220 West Quitman
P.O. Box 1075
Emory, Texas 75440

Opinion No. GA-0015

Re: Whether the offices of county commissioner and city council member in the same county are incompatible as a matter of law (RQ-0581-JC)

Dear Mr. Vititow:

Because a Rains County commissioner accepted a position as council member of a city located in the county, you ask whether the two offices are incompatible as a matter of law and, if so, whether the commissioner automatically vacates the first office.[1]

Your questions involve the common-law doctrine of incompatibility of public offices. The doctrine recognizes and prohibits three kinds of conflicts that may arise from holding two public offices: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. Nos. JC-0199 (2000), JM-1266 (1990). The first is derived from the Texas Supreme Court's decision in *Ehlinger v. Clark*, 8 S.W.2d 666 (Tex. 1928), in which the court stated that "[i]t is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint." *Ehlinger*, 8 S.W.2d at 674. "Self-employment" incompatibility is a corollary to the "self-appointment" doctrine. It was first applied in Texas in Attorney General Opinion LA-114, which concluded that a public school teacher was ineligible to serve as a member of the board of trustees of the district in which she was employed as a teacher. *See* Tex. Att'y Gen. LA-114 (1975).

The situation you ask about involves the third kind of incompatibility – conflicting loyalties – which was first recognized in Texas in *Thomas v. Abernathy County Line Independent School District*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted). In that case, the court held that

> [t]he offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school

---

[1]Letter from Honorable Robert F. Vititow, Rains County Attorney, to Honorable John Cornyn, Texas Attorney General at 1 (July 23, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

> property located within the city or town and in respect to the duties of school trustee performable within its limits – e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas*, 290 S.W. at 153 (citation omitted). The court concluded that "[t]he result of this incompatibility is that [the officers at issue] vacated the offices of school trustees when they qualified as aldermen." *Id.*

First, you ask, in essence, whether the office of county commissioner and the office of city council member of a city located in the county are incompatible as a matter of law or whether this determination must be made on a case-by-case basis:

> When [a] current county commissioner subsequently accepts, and then concurrently holds, an unpaid council position in a city located within the county (and the city is also where the commissioner lives and has lived all his life) and neither position is subordinate to nor under the control of the other, is there an incompatibility "as a matter of law" (i.e., in every instance) or is incompatibility a determination which must be done on a case by case basis?

Request Letter, *supra* note 1, at 1.

The office of county commissioner and the office of council member of a city located in the county are incompatible as a matter of law. As a general matter, where the geographical boundaries of two governmental bodies overlap, there is always the potential for conflict, particularly where both entities collect taxes. *See* Tex. Att'y Gen. Op. Nos. JC-0557 (2002) at 6 ("where the geographical boundaries of the school district and the groundwater conservation district overlap, and where both have taxing authority, a member of the school district board of trustees is barred by the 'conflicting loyalties' aspect of the common-law doctrine of incompatibility from simultaneously serving as a member of the board of directors of the groundwater conservation district"), JM-1266 (1990), JM-129 (1984). It is also well established that when two governmental bodies are authorized to contract with each other, one person may not serve simultaneously as a member of both. *See* Tex. Att'y Gen. Op. No. JC-0455 (2002) at 5; *see also* Tex. Att'y Gen. Op. Nos. DM-311 (1994), JM-1266 (1990), JM-634 (1987); Tex. Att'y Gen. LO-93-022, LO-88-132, LO-88-049.

In a 1988 letter opinion, this office specifically concluded that the office of county commissioner and the office of council member of a city in the same county were incompatible as a matter of law, primarily because of the possibility that the county and the city could contract with

each other. *See* Tex. Att'y Gen. LO-88-049, at 2. That letter opinion relied on Attorney General Opinion JM-133, which reached the same conclusion with respect to the offices of county auditor and city councilman of a city located in the county. That opinion noted that a city is authorized to enter into agreements with the county in which it is located regarding matters such as regional planning, public health, and joint recreational facilities and programs. *See* Tex. Att'y Gen. Op. No. JM-133 (1984) at 2. After reviewing the statutory duties of county auditors with respect to county funds and expenditures, the opinion observed that "the duties of the auditor are likely to conflict with the performance of city council duties, particularly when the transfer of funds or property between the city and county is involved" and concluded "that the positions of city councilman of Galveston and county auditor of Galveston County are incompatible as a matter of law." *Id.* Because a county generally enters into contracts through its commissioners court, the reasoning of Attorney General Opinion JM-133 applies with equal force to the offices of county commissioner and city council member.

Neither a court nor this office has questioned Attorney General Opinion JM-133 or Letter Opinion 88-049. It still remains the case that numerous statutes authorize city-county agreements and contracts. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 791.003, 791.006, 791.032 (Vernon Supp. 2003) (Interlocal Cooperation Act provisions authorizing county-city contracts for services such as law enforcement, fire protection, and road construction); TEX. HEALTH & SAFETY CODE ANN. § 774.001(a) (Vernon 1992) (county-city agreements for emergency medical services); TEX. LOC. GOV'T CODE ANN. ch. 323 (Vernon 1999 & Supp. 2003) (county-city agreements for library services), § 331.008(a) (Vernon 1999) ("A park, playground, museum, or site acquired jointly by a municipality and county acting in cooperation is under joint management and control."), ch. 362 (Vernon 1999 & Supp. 2003) (county-city agreements regarding law enforcement assistance).

Furthermore, contrary to the assertions in your brief, the common law of incompatibility has not been repealed by article XVI, section 40 of the Texas Constitution or chapter 171 of the Local Government Code. First, although the article XVI, section 40 prohibition against holding two offices of emolument contains an exception for county commissioners, *see* TEX. CONST. art. XVI, § 40(a) ("No person shall hold or exercise at the same time, more than one civil office of emolument, except that of . . . County Commissioner"), "it does not except those offices from restrictions on dual-office-holding based on the common-law doctrine of incompatibility." Tex. Att'y Gen. LO-96-004, at 3. Several recent opinions of this office reiterate this principle. *See* Tex. Att'y Gen. Op. Nos. JC-0455 (2002) at 4 ("Because county commissioners are specifically exempted from the operation of article XVI, section 40, however, they are not prohibited by virtue of that constitutional provision from serving on the board of directors of a groundwater conservation district. They may, on the other hand, be barred by common-law incompatibility."), JC-0363 (2001) at 2 ("The common-law doctrine of incompatibility, however, reaches some examples of dual office holding not prohibited by article XVI, section 40.") (citing Tex. Att'y Gen. Op. No. JM-203 (1984) and Tex. Att'y Gen. LO-96-004), JC-0270 (2000) at 3 ("even though a dual office holding situation may be permitted under article XVI, section 40, opinions of this office conclude that it may yet run afoul of incompatibility") (citing Tex. Att'y Gen. Op. No. JM-203 (1984) and Tex. Att'y Gen. LO-96-004).

*Gaal v. Townsend*, 14 S.W. 365 (Tex. 1890), which you cite in your letter, addresses whether a county commissioner may serve as mayor under article XVI, section 40, *see id.* at 366 ("Whether appellant [a commissioner of El Paso County] vacated his office or not by accepting the office of mayor of Ysleta depends upon the proper construction of section 40 of article 16 of the present constitution."). As this office has noted in the past, *Gaal* does not address whether the doctrine of incompatibility prohibits such dual service or consider the relationship between the constitutional provision and the common law. *See* Tex. Att'y Gen. LO-96-004, at 2 ("[T]he court did not address the question of incompatible offices. . . . *Gaal* does not support a conclusion that the express exception for county commissioners in article XVI, section 40 of the Texas Constitution prevails over the common-law doctrine of incompatibility.").

Nor does chapter 171 of the Local Government Code repeal the common-law doctrine of incompatibility of public offices. Chapter 171 governs local officials' conflicts resulting from nonpublic interests and repeals the common law with respect to such interests. *See* Tex. Loc. Gov't Code Ann. ch. 171 (Vernon 1999); *see also id.* § 81.002(c) (Vernon Supp. 2003) (subject to the provisions of chapter 171, county commissioner may serve on the governing body of an entity). As this office has explained, however,

> [c]hapter 171 . . . deals with a conflict between the public interest that a public officer serves as a member of a governmental body and a nongovernmental, pecuniary interest that the officer may have in a specific matter that comes before the governmental body. A conflict of duties or functions that makes two offices incompatible is different from the problem that is regulated in chapter 171.

Tex. Att'y Gen. LO-95-052, at 5. This office also concluded that "[t]he common-law doctrine of incompatibility is still in force, as is evidenced by its recognition in the recent Texas Court of Criminal Appeals case of *State ex rel. Hill v. Pirtle. See* 887 S.W.2d 921, 930 (Tex. Crim. App. 1994)." *Id.* at 6.

We reaffirm the conclusion of Attorney General Letter Opinion 88-049 that the offices of county commissioner and city council member in the same county are incompatible as a matter of law. "The common-law doctrine of incompatibility prohibits an individual from accepting two positions of public office if the officer will thereby be in a position to promote the interests of one constituency at the expense of another." Tex. Att'y Gen. LO 95-029, at 2. The citizens of the county are entitled to a county commissioner who will evaluate the county's dealings with the city with only the county's interests in mind.

You next ask, in essence, whether a county commissioner automatically vacates that office by accepting a position on a city council in the county or whether a court must declare the vacancy:

> If the position of the Attorney General's Office is that these two positions are always incompatible "i.e., as a matter of law"– without regard to their respective duties, local ordinances, statutes,

> disclosure of holding office (and intent to hold dual offices) to voters before elections are held, whether road work is at the discretion of commissioners or a unit road administrator, and abstinence or recusal in voting – is the commissioner's seat vacated as a matter of law or must there still be a suit filed in a court of appropriate jurisdiction (i.e., a district court) to get a judgment declaring the seat is vacated?

Request Letter, *supra* note 1, at 2.

A county commissioner automatically vacates that office once he accepts and qualifies for a position on a city council in the county. In *Thomas*, the court held that "[t]he result of this incompatibility is that [the officers at issue] vacated the offices of school trustees when they qualified as aldermen." *Thomas*, 290 S.W. at 153; *see also Kugle v. Glen Rose Indep. Sch. Dist. No. 1*, 50 S.W.2d 375, 376 (Tex. Civ. App.–Waco 1932), *aff'd in part*, 84 S.W.2d 1004 (Tex. 1935) ("Under the common law, the same person cannot hold two incompatible offices – that is, offices, the duties of which conflict, or are inconsistent – and the general rule is that the acceptance and qualification for an office incompatible with one then held is a resignation of the former."). This is also the case with dual office holding, where the Texas Supreme Court has held that "[i]f a person holding an office is elected or appointed to another (where the two offices cannot be legally held by the same person) and he accepts and qualifies as to the second, such acceptance and qualification operate, ipso facto, as a resignation of the former office." *Pruitt v. Glen Rose Indep. Sch. Dist. No. 1*, 84 S.W.2d 1004, 1006 (Tex. 1935). Applying this case law, opinions of this office have long concluded that an officeholder who accepts and qualifies for a second office that is incompatible with the first because of conflicting loyalties automatically resigns as a matter of law. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0363 (2001) at 2 ("It is well established that qualification for and acceptance of a second office operates as an automatic resignation from the first."), JM-133 (1984) at 2-3 ("Persons who accept and qualify for offices that are incompatible with offices they already hold *ipso facto* relinquish their prior posts."), MW-170 (1980) at 2 (same). The first office is vacant by operation of law as of the moment the officeholder qualifies for the second office. *See id.*

The vacancy therefore exists automatically and may be filled without a judicial declaration. Under section 87.042 of the Local Government Code, "[i]f a vacancy occurs in the office of county commissioner, the county judge shall appoint a suitable resident of the precinct in which the vacancy exists to fill the vacancy until the next general election." TEX. LOC. GOV'T CODE ANN. § 87.042 (Vernon 1999). A county judge's authority under this provision is not contingent upon a judicial declaration that a vacancy exists.

You also ask several questions[2] about the authority of the former commissioner and the county judge's appointee if the county judge were to fill the vacancy without a judicial declaration:

> If a county judge appoints another person as commissioner before the judgment is rendered and the duly elected commissioner continues attending commissioners' court, which vote counts – that of the duly elected commissioner or that of the appointee?

> If a county judge appoints another person as commissioner before the judgment is rendered and the duly elected commissioner continues attending commissioners' court, is the commissioner entitled to salary?

> If a county judge appoints another person as commissioner before the judgment is rendered, is the appointee entitled to salary?

Request Letter, *supra* note 1, at 2-3. In answering questions about the authority and rights of the person appointed to fill the vacancy, we assume that the appointee was qualified to assume office and that the appointment was not invalid for any reason beyond the scope of this opinion.

Again, a county commissioner automatically vacates that office once he accepts and qualifies for a position on a city council in the county. *See Thomas*, 290 S.W. at 153 ("[t]he result of this incompatibility is that [the officers at issue] vacated the offices of school trustees when they qualified as aldermen"). As is the case with dual office holding, an officer who vacates his or her office by accepting and qualifying for a second incompatible office does not hold over under article XVI, section 17 of the Texas Constitution. *See* TEX. CONST. art. XVI, § 17 ("All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."); *Pruitt*, 84 S.W.2d at 1007 (article XVI, section 17 did not apply to an officer who vacated office by operation of article XVI, section 40); *State ex rel. Peden v. Valentine*, 198 S.W. 1006, 1007 (Tex. Civ. App.–Fort Worth 1917, writ ref'd) (upon acceptance of second, incompatible office, first office is ipso facto vacated and officer does not hold over under article XVI, section 17); Tex. Att'y Gen. Op. Nos. JM-589 (1986) at 2 ("an officer, in this instance a justice of the peace, may divest himself of an office before his successor has qualified by himself qualifying for and entering upon the duties of another office which he cannot lawfully hold at the same time"); M-627 (1970) at 4 (officer may divest himself of an office before his successor is qualified by qualifying for

---

[2]Given our answer to your first and second questions, we do not answer your third, fourth and fifth questions. *See* Request Letter, *supra* note 1, at 2 ("No. 3. If the incompatibility must be determined on a case by case basis, is this determination made by the Attorney General's Office or is it determined via a suit filed in a court of appropriate jurisdiction (i.e., a district court) seeking a judgment declaring the positions incompatible and vacated?"), ("No. 4. If the incompatibility must be determined on a case by case basis by the Attorney General's Office, once this determination of incompatibility is made by the A.G.'s Office, must there be a suit filed in a court of appropriate jurisdiction (i.e., a district court) seeking a judgment declaring the position vacated?"), ("No. 5. If a judgment of a district court is necessary to establish a commissioner's seat has been vacated, is a county judge authorized by law to appoint another person as commissioner before having a final judgment declaring the seat vacated or must he wait?").

another office that he cannot lawfully hold at the same time); *see also* Tex. Att'y Gen. Op. No. DM-377 (1996) at 3-4 (discussing the application of article XVI, section 17 generally).

Thus, upon qualifying for the second office, the former commissioner would no longer be a county commissioner and would not be entitled to vote as commissioner or to be paid for holding that office. The commissioners court would have no legal basis for paying the former commissioner a salary and would jeopardize the validity of its official actions by allowing him to vote or otherwise participate as a commissioner in commissioners court meetings. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. § 81.006(a) (Vernon 1999) ("Three members of the commissioners court constitute a quorum for conducting county business except the levying of a county tax."), (b) ("A county tax may be levied at any regularly scheduled meeting of the court when at least four members of the court are present."), (c) ("A county may not levy a tax unless at least three members of the court vote in favor of the levy."); Tex. Att'y Gen. Op. No. JC-0506 (2002) at 4 (discussing when under the Open Meetings Act persons other than members of commissioners court may attend executive sessions).

Furthermore, as noted above, when the commissioner vacates that office by qualifying for the second office, the county judge is authorized to appoint someone to fill the vacancy. *See* TEX. LOC. GOV'T CODE ANN. § 87.042 (Vernon 1999); *Ramirez v. Flores*, 505 S.W.2d 406, 413 (Tex. Civ. App.–San Antonio 1974, writ ref'd n.r.e.) (after county commissioner automatically resigned from office by operation of article XVI, section 65, vacancy existed and was validly filled by county judge). Once the county judge does so, the appointee will qualify for office upon taking the official oath and executing a bond. *See* TEX. LOC. GOV'T CODE ANN. § 81.002 (Vernon Supp. 2003). Once the vacancy is filled and the successor commissioner qualifies for office, the successor commissioner is entitled to vote as commissioner and to be paid for holding that office. *See, e.g.*, *Ramirez*, 505 S.W.2d at 413 (after county commissioner for precinct 1 automatically resigned from office by operation of article XVI, section 65, person appointed by county judge to fill vacancy qualified for office of county commissioner by taking, executing, and filing the oath and bond and was entitled to salary as county commissioner for precinct 1 from date oath and bond were filed).

Finally, you ask two questions about what would happen if the vacancy were filled and a court later determined that the commissioner had not vacated the office:

> If a county judge appoints another person as commissioner before the judgment is rendered, the appointee's votes are used, and a district court later makes a finding that the seat was not vacated, what are the effects of the actions taken by commissioners' court when the appointee's vote was the deciding (or pivotal) vote – are they valid or invalid?

> If a county judge appoints another person as commissioner before the judgment is rendered, a district court later makes a finding that the seat was not vacated and the appointee was improperly appointed, and the appointee has been paid by the commissioners' court, has the commissioners' court given away county funds?

Request Letter, *supra* note 1, at 3. These are highly speculative questions. They would be relevant only if an action were filed challenging the county judge's appointment of a person to fill the vacancy. Moreover, the court would have to conclude, contrary to *Thomas v. Abernathy County Line Independent School District*, the long line of attorney general opinions applying the doctrine of incompatibility to particular situations, and years of legislative acquiescence, that the offices of county commissioner and city council member in the same county are not incompatible, and the court would have to enter judgment removing the county judge's appointee from office. In the event of such a highly unlikely scenario, the validity of the appointee's acts would be a matter for the court to resolve.

## S U M M A R Y

The office of county commissioner and the office of council member of a city located in the county are incompatible as a matter of law. A county commissioner would automatically vacate office by accepting and qualifying for the second office. At that point, the former commissioner would not be entitled to vote at commissioners court meetings or to be paid as a county commissioner. In addition, the county judge would be authorized to appoint someone to fill the vacancy. See TEX. LOC. GOV'T CODE ANN. § 87.042 (Vernon 1999). That authority is not contingent upon a judicial declaration that a vacancy exists. Once the county judge appoints someone to fill the vacancy, the appointee will qualify for office upon taking the official oath and executing a bond. See id. § 81.002 (Vernon Supp. 2003). Once the successor commissioner qualifies for office, the successor commissioner is entitled to vote as commissioner and to be paid for holding that office. Attorney General Letter Opinion 88-049 is affirmed.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Deputy Attorney General - General Counsel

RICK GILPIN
Deputy Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee